IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

04-20225

MIAMI DIVISION

CASE NO.

CIV-SEITZ

MAGISTRATE JUDGE
BANDSTRA

**MOSHE SAPERSTEIN, and
the ESTATE of AHUVA AMERGI with
Rafi Amergi, as Administrator, Executor
and/or Personal Representative.**

    **Plaintiffs.**

v.

**The PALESTINIAN AUTHORITY;
The PALESTINE LIBERATION
ORGANIZATION; The PALESTINIAN
PREVENTIVE SECURITY SERVICES;
YASSER ARAFAT and
YASER MAHMUD ALKATIV.**

    **Defendants.**

_____/

NIGHT BOX
FILED
JAN 29 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## COMPLAINT

COME NOW the Plaintiffs, Moshe Saperstein ("SAPERSTEIN") and the Estate of Ahuva Amergi ("AMERGI"), who bring this action, within this Court's jurisdiction, for damages caused by Defendants to Plaintiffs by reason of acts of international terrorism, as defined in federal law, and by reason of related tortious behavior.

This is an action, for damages in excess of 20 Million Dollars, exclusive of interest, costs and attorneys' fees, including all damages caused by the PALESTINIAN AUTHORITY ("PA"), also known as THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY, the PALESTINE LIBERATION ORGANIZATION

CASE NO.

("PLO"), the PALESTINIAN PREVENTIVE SECURITY SERVICES ("PPSS"),

YASSER ARAFAT ("ARAFAT") and YASER MAHMUD ALKATIV ("ALKATIV").

## NATURE OF THE ACTION

SAPERSTEIN brings his action pursuant to the civil remedies under the Federal Terrorism Act ("TA"), 18 U.S.C. § 2333 (2003), for damages and alleges as follows:

AMERGI brings its action pursuant to the Alien's Action for Tort ("AAT"), 28 U.S.C. § 1350 (2003), seeking redress for the acts of terror committed which violated international law and are proscribed by the U.S. constitution, for damages and alleges as follows:

## GENERAL ALLEGATIONS

1. Defendant PA, is and at all times relevant hereto was, a legal entity as defined in 18 U.S.C. § 2331(3) (2003), established by and existing under and by virtue of international instruments, customary international law and local law, in de jure and de facto control of territories in the Gaza Strip and in the Judea and Samaria regions of the West Bank.

2. Defendant PLO is, and at all times relevant here to was, a legal entity as defined in 18 U.S.C. § 2331(3) (2003), in de jure and de facto control of defendant PA, by virtue of being party to and beneficiary of the international instruments by which defendant PA was established.

3. Defendant ARAFAT is, and at all times relevant hereto was, President of defendant PA and Chairman of defendant PLO, and by virtue of these positions,

- 2 -

CASE NO.

in complete de jure and de facto control of defendant PA and defendant PLO and their various affiliations.

4. Defendant ALKATIV, at all times relevant hereto, was a commander of the Palestinian General Intelligence Services and of the Al Aksa Brigades in Rafiach, an official law enforcement and intelligence agency of defendant PA responsible for law enforcement, maintaining public order and prevention of violence and terrorism in the territories controlled by defendants PA, PLO and ARAFAT. ALKATIV actively recruited young Palestinians for the defendants PA, PLO, ARAFAT and the PPSS. ALKATIV also acted as purchasing agent of armaments for defendants PA, PLO, ARAFAT and PPSS. These armaments would be used by young Palestinian operatives, for acts of terror against Israeli citizens.

5. Defendants PA, PLO and ARAFAT operated, maintained, managed, supervised, and controlled various police forces, militias, paramilitary forces, intelligence services, law-enforcement personnel, jails and penal institutions as part of and in conjunction with their functions and duties under the Oslo Accords and under international customary law and local law applying in the West Bank and Gaza.

6. Defendants PA, PLO and ARAFAT, advocated, encouraged, solicited, facilitated, incited for, sponsored, organized, planned and executed acts of violence and terrorism against Jewish civilians in Israel, Gaza and the Judea and Samaria regions of the West Bank.

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO.

7. The government of the United States, the Congress of the United States, and the government of the State of Israel repeatedly demanded from defendants PA, PLO and ARAFAT that they take effective measures to prevent further terrorist attacks.

8. In violation of their undertakings and obligations under the Oslo Accords and under international customary law and local law, defendants PA, PLO and ARAFAT refused and ignored American and Israeli demands to take effective measures to prevent further terrorist attacks.

9. Defendants ARAFAT, PA and PLO, granted financial support to the families of members of Al Aksa Brigades who had been captured or killed while carrying out acts of terrorist violence against Jewish civilians in Israel, Gaza and the Judea and Samaria regions of the West Bank, thereby providing the Al Aksa Brigades and its members with strong financial incentive to continue to carry out violence and terrorism against such victims.

10. Defendants PA, PLO and ARAFAT knew that the Al Aksa Brigades had committed hundreds of serious offenses against the United States, including the murder of U.S. citizens, yet these defendants openly and consistently received, comforted and assisted the Al Aksa Brigades and its operatives and agents.

11. Moreover, in violation of their undertakings and obligations under the Oslo Accords and under international customary law and local law, defendants PA, PLO and ARAFAT themselves and/or through their respective agents continuously advocated, encouraged, solicited, facilitated and incited the use of

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO.

violence and terrorism against Jewish civilians in Israel, Gaza and the Judea and Samaria regions of the West Bank.

12. NIZAR D'HLIZ ("D'HLIZ"), a convicted terrorist, belonged to the PA intelligence prevention service and was a member of the Al Akasa Brigades. D'HLIZ purchased armaments for the defendants PA, PLO, ARAFAT and PPS, under the orders of ALKATIV.

13. That in early February 2002, ALKATIV informed D'HLIZ that he recruited a young man, MUHAMAD AL KATZIR ("KATZIR"), who was ready to commit acts of terror on Israelis. ALKATIV requested that D'HLIZ train KATZIR as a terrorist on behalf of defendants PA, PLO, ARAFAT and PPS.

14. After KATZIR's training was complete, ALKATIV ordered D'HLIZ to deliver KATZIR to RAAD ELIDI RAMADAN ("RAMADAN"), an officer of the PA police and a member of the Al Aksa Brigades.

15. That D'HLIZ, on behalf of defendants PA, PLO, ARAFAT and PPS, trained KATZIR on the operation of the AK-47, the techniques to disable passing vehicles and the execution of the vehicles occupants.

16. After completing his training, KATZIR became a member of the Al Akasa Brigades.

17. That in mid February 2002, D'HLIZ delivered KATZIR to RAMANDAN. At this meeting KATZIR met NAIM MUTZRAN ("MUTZRAN"), a convicted terrorist, a member of the Al Akasa Brigade, and a member of the Tanzim of the

PodhurstOrseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO.

Fatah, a military force controlled by defendant ARAFAT. MUTZRAN was recruited to Al Aksa Brigade by ALKATIV.

18. At said meeting, KATZIR executed his last will and testament and made a video statement regarding the acts of terror he was to commit.

19. At said meeting, ALKATIV operated the video camera during KATZIR's statements. This video was later distributed by the Tanzim of the Fatah and the PA.

20. On February 18th 2002, MUTZRAN drove KATZIR to the Netzarim road near Kisufim, Israel.

21. At that time and place, KATZIR performed the terrorist act, which he had been trained for, and wounded SAPERSTEIN, murdered AMERGI and killed several Israeli soldiers.

22. Immediately thereafter, and further up the road, KATZIR was located by an Israeli battalion and had exchanged fire with the soldiers. KATZIR died either from his own hand grenade or an explosive device, strapped to his body, which prematurely detonated.

23. D'HLIZ was captured by Israeli police and convicted on 22 criminal counts including unlawful arms dealing and aiding in first-degree murder.

24. D'HLIZ has acknowledged payments by the PLO, the PA, and the PPS to the Al Aksa Brigades. D'HLIZ is currently serving 36 years in an Israeli prison.

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO.

25. MUTZRAN was captured by Israeli police and convicted on 13 criminal counts including unlawful arms dealing, unlawful military training, and aiding in first degree murder.

26. MUTZRAN has acknowledged payments by the PLO, the PA, and the PPS to the Al Akasa Brigades. MUTZRAN is currently serving 33 years in an Israeli prison.

## SPECIFIC SAPERSTEIN ALLEGATIONS

27. The allegations set forth in paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

28. On February 18th 2002, on the Netzarim road near Kisufim, Israel, SAPERSTEIN, a US Citizen, was injured during a terrorist attack perpetuated by KATZIR, an agent of defendants PA, PLO, ARAFAT, ALKATIV and a member of the Al Aksa Brigades.

29. On February 18th 2002, SAPERSTEIN was driving his vehicle when he was sprayed with bullets, from an AK-47, shot by KATZIR.

30. On February 18th 2002, SAPERSTEIN attempted to thwart the attack, and prevent attack on other victims, by running down KATZIR with his vehicle.

31. On February 18th 2002, SAPERSTEIN, who previously had lost his right hand and eye during the Yom Kippur War, was shot, by KATZIR, in his left hand during his attempt to run down KATZIR.

32. KATZIR was hit by SAPERSTEIN's vehicle but escaped.

33. That, because of this act of terror, SAPERSTEIN's quality of life and enjoyment of his work has greatly diminished.

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

CASE NO.

## SPECIFIC AMERGI ALLEGATIONS

34. The allegations set forth in paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

35. On February 18th 2002, on the Netzarim road near Kisufim, Israel, AMERGI, an Israeli lawyer, was murdered during the terrorist attack perpetuated by KATZIR, an agent of defendants PA, PLO, ARAFAT, ALKATIV and a member of the Al Aksa Brigades.

36. On February 18th 2002, AMERGI was driving home from Ashkelon, Israel, when her vehicle was sprayed with bullets, from an AK-47, shot by KATZIR. AMERGI was mortally wounded.

37. On February 18th 2002, the shots were heard by soldiers who came to the aid of AMERGI. Two Israeli soldiers were killed while attempting to assist AMERGI.

38. AMERGI was murdered by KATZIR.

39. AMERGI is survived by her husband Rafi Amergi, and her two sons, a four year old and a three year old.

40. Rafi Amergi, as Administrator, Executor and/or Personal Representative of the AMERGI estate brings this action on behalf of all beneficiaries and survivors, including but not limited to:
    a. Dan Davidovic, father of decedent;
    b. Judith Davidovic, mother of decedent;
    c. Eliezer Davidovic, brother of decedent;
    d. Arical Davidovic, brother of decedent;
    e. Sarah Zweig, sister of decedent;

41. That the AMERGI family has suffered a great loss.

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO.

## COUNT – 1 SAPERSTEIN.
## INTERNATIONAL TERRORISM: TORTIOUS TERRORIST ACTS.

42. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

43. Jurisdiction over the subject matter exists through the federal cause of action pursuant to 18 U.S.C. § 2333 (2003), which states that, any national of the United States injured in his person by reason of an act of "international terrorism," may sue therefore in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

44. Additionally the "district courts of the United States shall have exclusive jurisdiction over an action brought under this chapter." 18 U.S.C. § 2338 (2003).

45. This Court may exercise personal jurisdiction over the individual Defendants consistent with the Due Process Clause of the Fifth Amendment.

46. This Court has personal jurisdiction through service of process pursuant to 18 U.S.C. § 2334(a) (2003), and Fed.R.Civ.P. 4(k)(1)(D), or in the alternative, pursuant to Fed.R.Civ.P. 4(k)(2) (2003).

47. All of the defendants have minimum contacts with the United States as a whole.

48. Venue is proper in this Court.

49. SAPERSTEIN is a citizen of the United States and Israel.

50. SAPERSTEIN was victimized by an act of "international terrorism" as defined by 18 U.S.C. § 2331(1) (2003).

- 9 -

PodhurstOrseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO.

51. Defendants activities involved violent and dangerous acts to human life that were, and are, a violation of the criminal laws of the United States or of any State.

52. Defendants activities would be a criminal violation if committed within the jurisdiction of the United States or of any State;

53. Defendants activities were intended to intimidate and coerce the Israeli civilian population;

54. Defendants activities were intended to influence the policy of the Israeli government by intimidation or coercion; and

55. Defendants activities occurred outside the territorial jurisdiction of the United States.

56. Defendants acts are therefore acts of international terrorism as defined under 18 U.S.C. § 2231 and § 2333.

57. By reason of tortious terrorist acts SAPERSTEIN suffered severe injury, including: pain and suffering; intentional and negligent infliction of emotional distress; loss of pecuniary support and loss of consortium.

58. Defendants' conduct was willful, outrageous, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

59. Defendants' conduct was willful, extreme and outrageous and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

-10-

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, Fl. 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO.

60. Defendants' conduct proximately caused Plaintiff to lose his only hand. SAPERSTEIN has suffered an extreme loss in productivity, in his work as a journalist, due to Defendants' conduct.

61. For the reasons stated above, defendants are jointly and severally liable to SAPERSTEIN.

**WHEREFORE**, in excess of 10 Million Dollars, exclusive of interest, costs and attorneys' fees, including all damages caused by the international terrorism.

## COUNT 2 – AMERGI.
## ALIEN'S ACTION FOR TORT: TORTIOUS TERRORIST ACTS

62. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

63. Jurisdiction over the subject matter exists through the federal cause of action pursuant to 28 U.S.C. § 1350 (2003); which states, that district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States

64. AMERGI was an Israeli citizen.

65. Defendants PA, PLO, ALKATIV and ARAFAT committed a tort upon AMERGI through their agent KATZIR.

66. Said tort involved human rights abuses plus cruel and inhumane treatment of AMERGI in violation of the *Jus Cogens*, the Law of Nations, and Customary International Law – including but not limited to, *the Universal Declaration of*

-11-

PodhurstOrseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO.

*Human Rights, the Convention Against Torture and Other, Cruel, Inhuman or Degrading Treatment or Punishment*, and the United States Constitution.

67. The tortious acts, committed by Defendants', specifically and universally embody conduct that international lawyers have viewed as violating customary international law.

68. Any actor private or state may be liable for a violations of a *jus cogens* norm under § 1350.

69. Defendants PA, PLO, ARAFAT, PPS, and individual alleged terrorists willfully and/or negligently caused the death of AMERGI by breaching obligations and undertakings which they took upon themselves in the international instruments known collectively as the Oslo Accords and/or applying to them under international customary law and local law, to actively prevent incitement and encouragement of acts of violence against any person by individuals and groups within territory under their control, to denounce and condemn all acts of terror, to apprehend, prosecute and imprison persons involved directly and indirectly in acts of terrorism and to outlaw and dismantle the infrastructure of terrorist organizations within the territories under their control, and generally to conduct themselves in such a manner as not to wantonly, and/or negligently cause or allow the infliction of injuries to persons such as the plaintiffs herein.

70. By reason of their wrongful acts, neglects or defaults, defendants caused the death of AMERGI, thereby causing pain and suffering; loss of pecuniary support; loss of consortium; emotional distress; loss of parental society and companionship.

-12-

CASE NO.

71. Defendants' conduct was willful, outrageous, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

72. Defendants' conduct was willful, extreme and outrageous, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

73. For the reasons stated above, defendants are jointly and severally liable to AMERGI.

74. The claims for wrongful death, loss of consortium, and intentional and negligent infliction of emotional distress brought by the administrator of the AMERGI estate, pursuant to the Alien's Action for Tort, share a common nucleus of operative facts as claims under the International Terrorism Act, 18 U.S.C. § 2338 (2003); 28 U.S.C. § 1367 (2003).

75. AMERGI has no adequate, or available, remedies in the place in which the conduct giving rise to this claim occurred.

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO.

**WHEREFORE**, in excess of 10 Million Dollars, exclusive of interest, costs and attorneys' fees, including all damages caused by the tortuous terrorist acts.

DATED this 25 day of January, 2004.

Respectfully submitted,

**PODHURST, ORSECK, P.A.**
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305)358-2800

By: _____
ROBERT C. JOSEFSBERG
Fla. Bar No. 040866

- 14 -

PodhurstOrseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Moshe Saperstein, and the Estate of Ahuva Amergi with Rafi Amergi, as Administrator, Executor and/or Personal Representative E

**DEFENDANTS** The Palestinian Authority; the Palestine Liberation Organization; the Palestinian Preventive Security Service; Yasser Arafat and Yaser Mahmud Alkativ

04-20225 CIV-SEITZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Foreign
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Toledo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE BANDSTRA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) 3582800
Robert C. Josefsberg, Esq.
Podhurst, Orseck, P.A. 25 W. Flagler St.
Miami, FL 33130

ATTORNEYS (IF KNOWN)

NIGHT BOX FILED JAN 29 2004

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| A☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | X☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
18 USC Sec. 2333 and 28 USC 1350

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 20 million CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE ___ DOCKET NUMBER ___

DATE 1/29/04

SIGNATURE OF ATTORNEY OF RECORD
Robert C. Josefsberg

FOR OFFICE USE ONLY
RECEIPT # 895766 AMOUNT 150.- APPLYING IFP ___ JUDGE ___ MAG JUDGE ___