IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0420225-CIV-SEITZ/BANDSTRA

MOSHE SAPERSTEIN, RACHEL SAPERSTEIN;
AVI ITZHAK SAPERSTEIN, TAMAR SAPERSTEIN,
DAFNA SAPERSTEIN; the ESTATE of
AHUVA AMERGI, by and through RAFI AMERGI,
as Administrator, Executor and/or
Personal Representative; RAFI AMERGI,
individually, and as legal guardian of
ITZAK AMERGI, MINOR, and EFRAIM AMERGI, MINOR;
DAN DAVIDOVIC; JUDITH DAVIDOVIC;
ELIEZER DAVIDOVIC; ARIEL DAVIDOVIC
and SARAH ZWEIG,



      Plaintiffs,

vs.

The PALESTINIAN AUTHORITY;
The PALESTINE LIBERATION
ORGANIZATION; The PALESTINIAN
PREVENTIVE SECURITY SERVICES;
the ESTATE of YASSER ARAFAT;
YASER MAHMUD ALKATIV;
NIZHAR D'HLIS AND NAIM MUTZRAN.

      Defendants.
_____/

## THIRD AMENDED COMPLAINT

COME NOW the Plaintiffs, Moshe Saperstein, Rachel Saperstein, Avi Itzhak Saperstein, Tamar Saperstein, and Dafna Saperstein (hereafter referred to collectively as "SAPERSTEIN"); and the Estate of Ahuva Amergi, by and through Rafi Amergi, as Administrator, Executor and/or Personal Representative; Rafi Amergi, individually, and as the legal guardian of Itzhak

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

CASE NO. 0420225-CIV-SEITZ/BANDSTRA

Amergi, Minor, and Efraim Amergi, Minor; Dan Davidovic; Judith Davidovic; Eliezer Davidovic; Ariel Davidovic and Sarah Zweig (hereafter referred to collectively as "AMERGI") who bring this action, within this Court's jurisdiction, for damages caused by Defendants to Plaintiffs by reason of acts of international terrorism, as defined in federal law, and by reason of related tortious terrorist behavior.

This is an action for damages in excess of 20 million dollars, exclusive of interest, costs and attorneys' fees, including all damages caused by the Palestinian Authority ("PA"), also known as the Palestinian Interim Self-Government Authority, the Palestinian Liberation Organization ("PLO"), the Palestinian Preventive Security Services ("PPSS"), Yasser Arafat ("ARAFAT"), Yasser Mahmud Alkativ ("ALKATIV"), Nizhar D'hlis ("D'HLIS") and Naim Mutzran ("MUTZRAN").

## NATURE OF THE ACTION

Plaintiffs SAPERSTEIN bring this action for damages pursuant to the Federal Terrorism Act ("FTA"), 18 U.S.C. § 2333 (2003). Plaintiffs AMERGI bring this action for damages pursuant to the Alien's Action for Tort ("AAT"), 28 U.S.C. § 1350 (2003), and seek redress for acts of terror committed that violated international law and are proscribed by the U.S. Constitution, and allege as follows in this Complaint.

## GENERAL ALLEGATIONS

1. Defendant PA is and, at all times relevant hereto, was a legal entity as defined in 18 U.S.C. § 2331(3) (2003) established by and existing under international instruments, customary international law and local law, in de jure and de facto control of territories in the Gaza Strip and in the Judea and Samaria regions of the West Bank.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

2. Defendant PLO is and, at all times relevant hereto, was a legal entity as defined in 18 U.S.C. § 2331(3) (2003), in de jure and de facto control of defendant PA, by virtue of being party to and beneficiary of the international instruments by which defendant PA was established.

3. Defendant ARAFAT was, at all times relevant hereto, President of defendant PA and Chairman of defendant PLO, and by virtue of these positions, completely in de jure and de facto control of defendant PA and defendant PLO and their various affiliates.

4. Defendant ALKATIV, at all times relevant hereto, was a commander of the Palestinian General Intelligence Services and of the Al Aksa Brigades in Rafiach, an official law enforcement and intelligence agency of Defendant PA responsible for law enforcement, maintaining public order and prevention of violence and terrorism in the territories controlled by Defendants PA, PLO and ARAFAT. ALKATIV actively recruited young Palestinians for the Defendants PA, PLO, ARAFAT and the PPSS. ALKATIV also acted as purchasing agent of armaments for Defendants PA, PLO, ARAFAT and PPSS. These armaments were used by young Palestinian operatives for acts of terror against Israel and its inhabitants.

5. Defendants PA, PLO and ARAFAT operated, maintained, managed, supervised, and controlled various police forces, militias, paramilitary forces, intelligence services, law-enforcement personnel, jails and penal institutions as part of and in conjunction with their functions and duties under the Oslo Accords and under international customary law and local law applying in the West Bank and Gaza.

6. Defendants PA, PLO and ARAFAT advocated, encouraged, solicited, facilitated, incited, sponsored, organized, planned and executed acts of violence and terrorism against Jewish civilians in Israel, Gaza and the Judea and Samaria regions of the West Bank.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO. 0420225-CIV-SEITZ/BANDSTRA

7. The government of the United States, the Congress of the United States, and the government of the State of Israel repeatedly demanded from Defendants PA, PLO and ARAFAT that they take effective measures to prevent further terrorist attacks.

8. In violation of their undertakings and obligations under the Oslo Accords and under international customary law and local law, Defendants PA, PLO and ARAFAT refused and ignored American and Israeli demands to take effective measures to prevent further terrorist attacks.

9. Defendants ARAFAT, PA and PLO granted financial support to the families of members of the Al Aksa Brigades who had been captured or killed while carrying out acts of terrorist violence against Jewish civilians in Israel, Gaza and the Judea and Samaria regions of the West Bank, thereby providing the Al Aksa Brigades and its members with strong financial incentive to continue to carry out violence and terrorism against such victims.

10. Defendants PA, PLO and ARAFAT knew that the Al Aksa Brigades had committed hundreds of serious offenses against the United States, including the murder of U.S. citizens, yet these Defendants openly and consistently received, comforted and assisted the Al Aksa Brigades and its operatives and agents.

11. Moreover, in violation of their undertakings and obligations under the Oslo Accords and under international customary law and local law, Defendants PA, PLO and ARAFAT themselves and/or through their respective agents continuously advocated, encouraged, solicited, facilitated and incited the use of violence and terrorism against Jewish civilians in Israel, Gaza and the Judea and Samaria regions of the West Bank.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

12. Defendant, D'HLIZ, a convicted terrorist, belonged to the PA intelligence prevention service and was a member of the Al Aksa Brigades. D'HLIZ purchased armaments for the Defendants PA, PLO, ARAFAT and PPS, under the orders of ALKATIV.

13. In early February 2002, ALKATIV informed D'HLIZ that he recruited a young man, MUHAMAD AL KATZIR ("KATZIR"), who was ready to commit acts of terror on Israelis. ALKATIV requested that D'HLIZ train KATZIR as a terrorist on behalf of Defendants PA, PLO, ARAFAT and PPS.

14. After KATZIR's training was complete, ALKATIV ordered D'HLIZ to deliver KATZIR to RAAD ELIDI RAMADAN ("RAMADAN"), an officer of the PA police and a member of the Al Aksa Brigades.

15. D'HLIZ, on behalf of Defendants PA, PLO, ARAFAT and PPS, trained KATZIR in the operation of the AK-47, the techniques to disable passing vehicles and the execution of the vehicles' occupants.

16. After completing his training, KATZIR became a member of the Al Aksa Brigades.

17. Defendant, MUTZRAN, is a convicted terrorist, a member of the Al Aksa Brigades and a member of the Tanzim of the Fatah (a military force that was controlled by Defendant ARAFAT). MUTZRAN was recruited to Al Aksa Brigades by ALKATIV. In mid-February 2002, MUTZRAN met with D'HLIZ, RAMADAN and KATZIR.

18. At said meeting, KATZIR executed his last will and testament and made a video statement regarding the acts of terror he was to commit.

19. At said meeting, ALKATIV operated the video camera during KATZIR's statements. This video was later distributed by the Tanzim of the Fatah and the PA.

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

20. On February 18, 2002, MUTZRAN drove KATZIR to the Netzarim road near Kisufim, Israel.

21. At that time and place, KATZIR performed the terrorist act, which he had been trained for, that wounded MOSHE SAPERSTEIN, murdered AHUVA AMERGI and killed two Israeli soldiers.

22. Immediately thereafter, and further up the road, KATZIR was located by an Israeli battalion and exchanged fire with the soldiers. KATZIR died either from his own hand grenade or an explosive device strapped to his body, which prematurely detonated.

23. D'HLIZ was captured by Israeli police and convicted on 22 criminal counts, including unlawful arms dealing and aiding in first-degree murder.

24. D'HLIZ has acknowledged payments by the PLO, the PA and the PPS to the Al Aksa Brigades. D'HLIZ is currently serving 36 years in an Israeli prison.

25. MUTZRAN was captured by Israeli police and convicted on 13 criminal counts, including unlawful arms dealing, unlawful military training and aiding in first-degree murder.

26. MUTZRAN has acknowledged payments by the PLO, the PA and the PPS to the Al Aksa Brigades. MUTZRAN is currently serving 33 years in an Israeli prison.

**SPECIFIC SAPERSTEIN ALLEGATIONS**

27. The allegations set forth in paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

28. On February 18, 2002, on the Netzarim road near Kisufim, Israel, MOSHE SAPERSTEIN, a dual U.S. and Israeli citizen, was injured during a terrorist attack perpetrated by KATZIR, an agent of Defendants PA, PLO, ARAFAT, ALKATIV, D'HLIS and MUTZRAN, and a member of the Al Aksa Brigades.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

29. On that date, MOSHE SAPERSTEIN was driving his vehicle when he was sprayed with bullets from an AK-47 shot by KATZIR.

30. MOSHE SAPERSTEIN attempted to thwart the attack and prevent attacks on other victims by running down KATZIR with his vehicle.

31. MOSHE SAPERSTEIN, who previously lost his right hand and eye during the Yom Kippur War, was shot by KATZIR in his left hand.

32. KATZIR was hit by MOSHE SAPERSTEIN's vehicle but escaped.

33. As a result of this act of terror, MOSHE SAPERSTEIN's quality of life and enjoyment of his work has greatly diminished. In addition, the quality of life of MOSHE SAPERSTEIN'S wife, RACHEL SAPERSTEIN, and that of his children AVI ITZHAK SAPERSTEIN, TAMAR SAPERSTEIN and DAFNA SAPERSTEIN, has greatly diminished.

## **SPECIFIC AMERGI ALLEGATIONS**

34. The allegations set forth in paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

35. On February 18, 2002, on the Netzarim road near Kisufim, Israel, AHUVA AMERGI, an Israeli citizen and lawyer, was murdered during the terrorist attack perpetrated by KATZIR, an agent of Defendants PA, PLO, ARAFAT, ALKATIV, D'HLIS and MUTZRAN, and a member of the Al Aksa Brigades.

36. On that date, AHUVA AMERGI was driving home from Ashkelon, Israel, when her vehicle was sprayed with bullets from an AK-47 shot by KATZIR. AHUVA AMERGI was mortally wounded.

37. The shots were heard by soldiers who came to the aid of AHUVA AMERGI. Two Israeli soldiers were killed while attempting to protect AHUVA AMERGI.

- 7 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

38. AHUVA AMERGI was murdered by KATZIR.

39. AHUVA AMERGI is survived by her husband RAFI AMERGI, and her two sons, ITZHAK AMERGI, a four year old, and EFRAIM AMERGI, a three year old.

40. RAFI AMERGI, as Administrator, Executor and/or Personal Representative of the Estate of AHUVA AMERGI, brings this action on behalf of all beneficiaries and survivors, including, but not limited to:

   a. RAFI AMERGI, husband of decedent;

   b. ITZHAK AMERGI and EFRAIM AMERGI, minor children of decedent;

   c. DAN DAVIDOVIC, father of decedent;

   d. JUDITH DAVIDOVIC, mother of decedent;

   e. ELIEZER DAVIDOVIC, brother of decedent;

   f. ARIEAL DAVIDOVIC, brother of decedent;

   g. SARAH ZWEIG, sister of decedent;

41. The AMERGI family has suffered a great loss and a greatly diminished quality of life as a result of the murder of AHUVA AMERGI.

**COUNT 1 – SAPERSTEIN**
**TERRORISM – CIVIL REMEDIES**
(Against All Defendants on Behalf of All Saperstein Plaintiffs)

42. The allegations set forth in paragraphs 1 through 33 are incorporated by reference as though fully set forth herein.

43. Jurisdiction over the subject matter exists under the FTA, codified at 18 U.S.C. § 2333 (2003), which states that any national of the United States injured in his person by reason of an act of "international terrorism" may sue in any appropriate district court of the United

- 8 -

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO. 0420225-CIV-SEITZ/BANDSTRA

States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorneys' fees.

44. Additionally, the "district courts of the United States shall have exclusive jurisdiction over an action brought under this chapter." 18 U.S.C. § 2338 (2003).

45. This Court may exercise personal jurisdiction over the individual Defendants consistent with the Due Process Clause of the Fifth Amendment.

46. This Court has personal jurisdiction through service of process pursuant to Fed.R.Civ.P. (4)(f) and Fed.R.Civ.P. 4(k)(1)(D), or in the alternative, pursuant to Fed.R.Civ.P. 4(k)(2) (2003).

47. The Defendants have minimum contacts with the United States as a whole.

48. Venue is proper in this Court, 18 U.S.C. §2334(a) (2003).

49. MOSHE SAPERSTEIN is a citizen of the United States and Israel.

50. MOSHE SAPERSTEIN was victimized by an act of "international terrorism" as defined by 18 U.S.C. § 2331(1) (2003).

51. Defendants' activities involved violent and dangerous acts to human life that were, and are, a violation of the criminal laws of the United States or of any State.

52. Defendants' activities would be a criminal violation if committed within the jurisdiction of the United States or of any State.

53. Defendants' activities were intended to intimidate and coerce the Israeli civilian population.

54. Defendants' activities were intended to influence the policy of the Israeli government by intimidation or coercion.

55. Defendants' activities occurred outside the territorial jurisdiction of the United States.

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

CASE NO. 0420225-CIV-SEITZ/BANDSTRA

56. Defendants' acts are therefore acts of international terrorism as defined under 18 U.S.C. § 2231 and § 2333.

57. By reason of these terrorist acts MOSHE SAPERSTEIN suffered severe injury, pain and suffering, and the loss of his left arm.

WHEREFORE, MOSHE SAPERSTEIN seeks damages in excess of 20 million dollars, exclusive of interest, costs and attorneys' fees.

### COUNT 2 – AHUVA AMERGI
### ALIEN'S ACTION FOR TORT: TORTIOUS TERRORIST ACTS
(Against All Defendants on Behalf of All Amergi Plaintiffs)

58. The allegations set forth in paragraphs 1 through 26 and 34 through 41 are incorporated by reference as though fully set forth herein.

59. Jurisdiction over the subject matter exists under the AAT, codified at 28 U.S.C. § 1350, which states that district courts shall have original jurisdiction of any civil action by an alien for a tort only committed in violation of the law of nations or a treaty of the United States.

60. Each member of Plaintiffs' AMERGI group is an Israeli citizen.

61. No member of Plaintiffs' AMERGI group is a United States citizen.

62. Defendants PA, PLO, ALKATIV, ARAFAT, D'HLIS and MUTZRAN committed torts upon AMERGI through their agent KATZIR.

63. Said tort involved human rights abuses plus cruel and inhumane treatment of AHUVA AMERGI in violation of the *Jus Cogens*, the Law of Nations, and Customary International Law, including, but not limited to, *the Universal Declaration of Human Rights, the Convention Against Torture and Other, Cruel, Inhuman or Degrading Treatment or Punishment*, and the United States Constitution.

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    www.podhurst.com

64. The tortious acts committed by Defendants specifically and universally embody conduct that international lawyers have viewed as violating customary international law.

65. Any actor – private or state – may be liable for violations of *jus cogens* norms under 28 U.S.C. § 1350.

66. Defendants PA, PLO, ARAFAT, and PPS willfully caused the death of AHUVA AMERGI by breaching obligations and undertakings that they took upon themselves under the international instruments known collectively as the Oslo Accords.

67. Defendants PA, PLO, ARAFAT, and PPS violated the Oslo Accords, as applied to them under customary international law and local law, by failing to actively prevent incitement and encouragement of acts of violence against any person by individuals and groups within territory under their control, denounce and condemn all acts of terror, apprehend, prosecute and imprison persons involved directly and/or indirectly in acts of terrorism and outlaw and dismantle the infrastructure of terrorist organizations within the territories under their control, and generally conduct themselves in such a manner as not to wantonly cause or allow the infliction of injuries to persons such as Plaintiffs herein.

68. Defendants' conduct was willful, extreme, outrageous, dangerous to human life and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

69. By reason of their wrongful acts, neglects or defaults, Defendants proximately caused the death of AHUVA AMERGI, thereby causing damages, including, but not limited to, pain and suffering and loss of consortium. There is a general recognition among states that the acts of the Defendants are prohibited.

-11-

**PodhurstOrseck**
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

CASE NO. 0420225–CIV–SEITZ/BANDSTRA

70. By reason of their wrongful acts, neglects or defaults, Defendants proximately caused injury to AMERGI, thereby causing Plaintiffs, RAFI AMERGI, husband of decedent, ITZHAK AMERGI and EFRAIM AMERGI, minor children of decedent, DAN DAVIDOVIC and JUDITH DAVIDOVIC, parents of decedent, ELIEZER DAVIDOVIC ARIEAL DAVIDOVIC and SARAH ZWEIG, siblings of decedent, severe injury, including, but not limited to: wrongful death, pain and suffering, loss of consortium, loss of services, emotional distress, and loss of parental support, instruction, guidance, society and companionship.

71. Defendants acted independently so as to cause the same damage to AMERGI. Defendants, acting independently of each other, have by their separate wrongful acts brought about specific injuries to AMERGI. For the reasons stated above, Defendants are jointly and severally liable to AMERGI.

WHEREFORE, AMERGI seeks damages in excess of 20 million dollars, exclusive of interest, costs and attorneys' fees, including all damages caused by the tortious terrorist acts.

### COUNT 3 – AMERGI
### WRONGFUL DEATH
(Against All Defendants on Behalf of All Amergi Plaintiffs)

72. The allegations set forth in paragraphs 1 through 26, 34 through 41 and 58 through 71 are incorporated by reference as though fully set forth herein.

73. Defendants, personally and through their agents, employees and co-conspirators, willfully and deliberately and/or wantonly solicited, authorized, aided, abetted, organized, planned and executed the attack that killed AHUVA AMERGI, the wife of RAFI AMERGI, the mother of ITZHAK AMERGI and EFRAIM AMERGI, minor children, the daughter of DAN DAVIDOVIC and JUDITH DAVIDOVIC, and the sister of ELIEZER DAVIDOVIC, ARIEAL DAVIDOVIC and SARAH ZWEIG.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO. 0420225-CIV-SEITZ/BANDSTRA

74. Defendants' behavior constituted a breach of legal duties prohibiting them from engaging in, or authorizing, soliciting, aiding or abetting, acts of violence, and to refrain from intentionally and/or wantonly authorizing or causing the infliction of injuries to persons such as Plaintiffs herein.

75. By reason and as a result of Defendants' wrongful and/or unlawful behavior, AHUVA AMERGI was killed, thereby causing decedent AHUVA AMERGI and Plaintiffs RAFI AMERGI, ITZHAK AMERGI, EFRAIM AMERGI, DAN DAVIDOVIC, JUDITH DAVIDOVIC, ELIEZER DAVIDOVIC, ARIEAL DAVIDOVIC and SARAH ZWEIG severe injury, including, but not limited to: pain, suffering and survival damages; loss of future income; loss of parental guidance and companionship; loss of consortium; emotional distress and loss of solatium.

76. For the reasons stated above, Defendants are jointly and serverally liable to Plaintiffs.

WHEREFORE, the AMERGI Plaintiffs seek damages in excess of 20 million dollars, exclusive of interest, costs and attorneys' fees, including all damages caused by the tortious terrorist acts.

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

CASE NO. 0420225–CIV–SEITZ/BANDSTRA

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail on this 11th day of August 2006 to all parties on the attached service list.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305)358-2800 / Fax (305) 358-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
srosenthal@podhurst.com

By: _Robert C. Josefsberg by KWE_
ROBERT C. JOSEFSBERG
Fla. Bar No. 040866
KATHERINE W. EZELL
Fla. Bar No. 114771
STEPHEN F. ROSENTHAL
Fla. Bar No. 131458

-14-

CASE NO. 0420225–CIV–SEITZ/BANDSTRA

## SERVICE LIST

Ramsey Clark, Esq.
Larry Schilling, Esq.
37 W. 12th Street, 2B
New York, NY 10011

and

36 East 12th Street, 6th Floor
New York, New York 10003

Ambassador Dr. Nasser Al-Kidwa as
a Representative of the Palestinian Authority,
the Palestine Liberation Organization,
the Palestine Preventive Security Services,
the Estate of Yasser Arafat, Mahmoud Abbas,
and Yaser Mahmud Alkativ
Permanent Observer Mission of Palestine to the United Nations
115 East 65th Street
New York, NY 10021

Ambassador Hasan Abdel Rahman as
Representative of the Palestinian Authority,
the Palestine Liberation Organization,
the Palestine Preventive Security Services,
the Estate of Yasser Arafat, Mahmoud Abbas,
and Yaser Mahmud Alkativ
PLO Office
1730 K Street NW #1004
Washington, DC 20006

Nazar D'Hlis
Naim Mutzrah
Israel Prison Services
5 Hisradrut Street
Jerusalem, Israel 95464

and

c/o Mr. Brian Zeitman
Director of Courts
22 Kanfei Nesharim Street
Jerusalem, Israel 95464

PodhurstOrseck
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com