UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-20225-CIV-SEITZ/MCALILEY

MOSHE SAPERSTEIN, et. al.,

    Plaintiffs,

v.

THE PALESTINIAN AUTHORITY and THE
PALESTINE LIBERATION ORGANIZATION,

    Defendants.
_____/

## ORDER FOLLOWING DECEMBER 14, 2006 PRETRIAL CONFERENCE

THIS CASE came before the Court for a pretrial conference. Katherine Ezell and Robert Josefsberg appeared in person and Stephen Rosenthal appeared telephonically on behalf of the Saperstein and Amergi Plaintiffs. Ramsey Clark appeared in person on behalf of Defendants the Palestinian Authority and the Palestine Liberation Organization.[1] The Court addressed the following matters at the conference: (1) Defendants' pending motion to dismiss Counts II and III of the Third Amended Complaint ("TAC"); (2) Plaintiffs' unilateral pretrial stipulation; (3) *voire dire*; (4) Plaintiff's witness and exhibit lists; (5) Plaintiffs' proposed jury instructions and verdict form; and (6) the referral of the trial on defaulted Count I of the Second Amended Complaint to Magistrate Judge William C. Turnoff.

The Court advised the parties that based on their papers it was inclined to grant Defendants' motion to dismiss Counts II and III of the Third Amended Complaint, but gave Plaintiffs' counsel

---

[1] All remaining Defendants, including the Palestinian Preventive Security Services, the Estate of Yasser Arafat, Mahmoud Abbas, Yaser Mahmud Alkativ, Nizhard D'Hlis and Naim Mutzran, have been voluntarily dismissed by both the Saperstein and the Amergi Plaintiffs. (DE's 82, 93.)

the opportunity to persuade the Court to decide otherwise. Following the oral argument, the Court advised the parties it would issue its opinion shortly.[2] Plaintiffs' counsel requested a specially set jury trial on Plaintiff Moshe Saperstein's Federal Terrorism Act ("FTA") defaulted Count I of the Second Amended Complaint. In a letter dated December 4, 2006, counsel for the Defendants indicated to the Court that its clients had only authorized defense counsel to contest jurisdiction and were specifically instructed not to appear on the merits. Because Defendants have waived their right to trial on the merits and with the oral consent of Plaintiff Saperstein's counsel, this cause will be referred to Magistrate Judge William C. Turnoff for a specially set trial to commence February 6, 2007. The formal referral will be by separate order.

As to the other pretrial items addressed at the hearing,[3] based on the written submissions and the statements of counsel at the conference, it is hereby

ORDERED that

(1) **By 4:00 p.m. on January 26, 2007,** Plaintiff shall electronically file with the Court revised proposed jury instructions and a revised witness list in accordance with the Court's instructions at the pretrial conference. As to these two submissions:

(a) <u>Revised Jury Instructions.</u>  Plaintiffs' proposed jury instructions shall focus on the issue of damages for Plaintiff Saperstein's FTA claim in Count I of the Second Amended Complaint. Plaintiff shall use the Eleventh Circuit Pattern Jury Instructions for his proposed jury instructions

---

[2] Assuming the Court grants Defendants' motion to dismiss, the only remaining cause of action will be Moshe Saperstein's defaulted FTA claim in the Second Amended Complaint. Thus, any reference to Plaintiff herein shall refer to Moshe Saperstein.

[3] Because the dates for trial were altered after the conclusion of the pretrial conference, the dates set for the various submissions have been altered to conform to the new trial dates. With the exception of the trial dates, all deadlines are subject to modification to accommodate Judge Turnoff's schedule.

and shall format such instructions as shown to counsel at the pretrial conference.  Counsel shall file the proposed instructions and the verdict form electronically and also deliver to chambers such instructions and verdict form on a Word Perfect formatted disk.

(b) <u>Revised witness lists for the Court</u>.  Plaintiff shall submit a list which includes <u>only those witnesses Plaintiff actually intends to call at trial</u>.  Further, Plaintiff shall indicate the amount of time for each witness.  The Court shall hold Plaintiff to the number of witnesses and time frames listed, and shall cease examination of any witness that exceeds the chosen time frame.  Plaintiff shall also provide a <u>one-sentence</u> summary of the testimony of each witness.

(2) By **January 31, 2007 at 3:00 p.m.**, the parties shall electronically file with the Court the following:

(a) Voir dire questions;

(b) A witness list to be handed out to the venire panel at the start of voir dire.  The list simply should include each witness's name and affiliation or place of residence (for example: Special Agent, FBI or Miami, Florida);

(c) Revised, pared down exhibit list in accordance with the Court's instructions at the pretrial conference.  Plaintiff must advise the Court by **January 31, 2007** whether he plans to use exhibit notebooks or the ELMO system at trial.  If the Plaintiff wishes to use exhibit notebooks, he shall make 11 copies of the notebooks.  Eight of the notebooks shall be ready to be distributed to the jurors at the start of trial.  The remaining books will be for the use of Magistrate Judge Turnoff, the court reporter and testifying witnesses.  The exhibit notebooks shall contain all exhibits to be admitted into evidence.  For any composite exhibits, each page of the composite must be numbered;

(3) <u>Deposition Designations</u>.  **By January 31, 2007 at 12:00 p.m.**, if Plaintiff plans to

introduce deposition testimony in lieu of a live witness testimony at trial, Plaintiff must designate the portions to be read into evidence.

DONE AND ORDERED in Miami, Florida this 18th day of December, 2006.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT

cc:   United States Magistrate Judge William C. Turnoff
      Counsel of Record