UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

------------------------------------X
MOSHE SAPERSTEIN, et al.,

               Plaintiffs,

               Case No. CV 04 20225 (PAS)(JJO)

  -against-

PALESTINIAN AUTHORITY, et al.,

               Defendants.
------------------------------------X

## STIPULATED PROTECTIVE ORDER

WHEREAS a document subpoena has been issued by the United States District Court for the Eastern District of New York, directed to non-party Arab Bank plc (the "Bank"), at the request of plaintiffs pursuant to Fed. R. Civ. P. 45; and

WHEREAS the Bank has informed plaintiffs that it is in possession of a document comprising responsive but highly confidential information which it has agreed to produce to plaintiffs upon entry by this Court of an appropriate protective order mutually agreed to by the parties and entered by the Court;

NOW, THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Order") limiting the disclosure and use of certain discovered information produced by the Bank in response to the subpoena:

IT IS HEREBY ORDERED THAT:

1.     Designation of Confidentiality:

    (a)    A document and information produced by the Bank in response to the subpoena that: (i) contains or is derived from trade secrets or other proprietary commercial or

financial information; or (ii) comprises a Bank record containing or relating to the confidential financial information of other persons or entities who have transacted business with or through the Bank; or (iii) contains or relates to personal private financial information as to which the Bank is obligated, by law or regulation, to maintain confidentiality to the fullest extent possible under the circumstances, may be designated by the Bank as "Highly Confidential."

(b)   The designation of material as "Highly Confidential" shall constitute a representation that such document, material, or information has been reviewed and that the Bank has a good faith basis for such designation.

(c)   A person receiving Highly Confidential material or information shall not use or disclose such material or information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

(d)   The provisions of this Order apply only to the document and information that the Bank has agreed to produce upon entry of this Order.

2.   <u>Means of Designating A Document and Information Highly Confidential:</u>

A document or information may be designated "Highly Confidential" within the meaning of this Order in the following ways:

(a)   Document: The Bank will place the following legend on each page of any such document: "Highly Confidential."

(b)   Electronic Data: "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). Electronic Data containing Highly Confidential material will be designated as "Highly Confidential" in a cover letter identifying the information generally. When feasible, the

2

designating person will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom Electronic Data designated as "Highly Confidential" is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legends provided for in Paragraph 2(a) above. Whenever any Electronic Data designated as "Highly Confidential" is copied into another file, all such copies shall also be marked "Highly Confidential," as appropriate.

    (c)    To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "Highly Confidential," that party and its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Highly Confidential material and information.

    (d)    Documents and materials filed with the Court:

    (i)    Any Highly Confidential information filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "Highly Confidential Information" and "Subject To Court Order," and words in substantially the following form:

> This enveloped contains documents that are filed under seal in this case by [name of filing party] and, by Order of this Court dated _____, 2009, it shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "Filed Under Seal" in the upper-right hand corner of the cover page of the document.

3

(ii) Only those portions of such documents and materials containing or reflecting Highly Confidential information shall be considered "Highly Confidential" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Highly Confidential shall be filed under seal.

(iii) Any sealed document may be opened by the presiding Judge or designated Magistrate, the presiding Judge's or designated Magistrate's law clerks, and other Court personnel without further order of the Court.

(iv) Each document filed under seal may be returned to the Bank under the following circumstances: (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the ruling of the last reviewing court that disposes of this litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, or may return the document to counsel for the Bank or to the party that filed the sealed document upon request within two years after termination of the litigation, or may take any other action to dispose of the document that the Clerk deems appropriate.

3. <u>Use of Highly Confidential Information:</u> Highly Confidential information shall not be used by any person, other than the Bank, for any purpose other than prosecuting, defending, settling or appealing the above-captioned action.

4. <u>Disclosure of Highly Confidential Information:</u> Access to information designated "Highly Confidential" pursuant to this Order shall be limited to the following:

(a) Attorneys for the parties (including members, associates, counsel, and any attorneys in private law firms representing the parties), as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation;

4

(b) Outside photocopying, document storage, data processing, or graphic production services employed or retained by the parties or their counsel to assist in this litigation;

(c) Any expert, consultant, or investigator retained by counsel for the purposes of consulting or testifying in this litigation;

(d) Any officer, employee other representative of a defendant to this action;

(e) Any person who, as it appears from the face of the document, authored, received or otherwise has been provided access to (in the ordinary course, outside this litigation) the Highly Confidential information sought to be disclosed to that person;

(f) This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(g) Third-Party witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 7) trial testimony;

(h) Any other person to whom the Bank agrees in writing in advance of the disclosure; and

(i) Any other person whom the Court directs should have access to the Highly Confidential information.

5. <u>Non-Application of Order</u>: The restrictions set forth herein shall not apply to documents or information designated Highly Confidential that: (a) were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party from a source that was not required to maintain the confidentiality of such information. Before such documents are publicly released, a party will follow the procedures described in Paragraph 11.

5

6. Notification of Confidentiality Order:

(a) All persons who are authorized to receive and are to be shown Highly Confidential information under this Protective Order (other than the persons listed in paragraphs 4(a), (e), (f), (h) and (i)) shall be provided a copy of this Protective Order prior to the receipt of Highly Confidential information, and shall in a written and signed Confidentiality Agreement such as that annexed as Appendix A, state that he or she has read this Protective Order and agrees to be bound by its terms.

(b) The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7. Use of Highly Confidential Information at Trial or Hearings: If any party desires to use Highly Confidential information at trial or hearings, the procedures that shall apply to such use will be determined at a later date by counsel for the parties and the Bank and, if necessary, in consultation with the Court, such that the restrictions intended and afforded by this Protective Order are not diminished.

8. Preservation of Rights and Privileges: Nothing contained in this Order shall affect the right of the Bank to make any other available objection or other response to a discovery request, including but not limited to jurisdictional objections and any other claims or privileges pursuant to any applicable law, rule, regulation, procedure or practice. Nothing contained in this Protective Order shall operate to require the production of any information or document that is otherwise privileged or protected from discovery. The Bank expressly

preserves any and all applicable privileges and exemptions, including without limitation the attorney-client privilege and work product immunity. Inadvertent disclosure or production of materials so protected shall not be deemed a waiver of any privilege or immunity. Upon written request, a party shall return, immediately and in no event later than two (2) business days after the receipt of written notice, such materials and any copies or reproductions thereof. The party shall also return or destroy any work product materials derived from the produced protected material. The return of purported protected material shall waive a party's right to challenge the claim of privilege and/or exemption, but such challenge shall neither (a) be based in any way on the fact of the production or disclosure of such material; nor (b) divulge the contents of the protected material except to the Court under seal as provided herein.

        9.    <u>Return of Materials:</u>  Within sixty (60) days after the final resolution of this litigation, all Highly Confidential information, including all copies, abstracts and summaries, shall be returned to counsel for the Bank or, if the Bank's counsel is so informed, destroyed, with the party that had received the Highly Confidential information certifying to such return or destruction, as appropriate. As to those materials that contain or reflect Highly Confidential information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Highly Confidential information, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Order, are

7

clearly marked to reflect that they contain information subject to this Protective Order, and maintained as such.

10. <u>Compliance Not An Admission:</u>  A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

11. <u>Subpoenas.</u>  Any party or person in possession of Highly Confidential Information who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such Highly Confidential information, shall promptly, and in any case within three (3) business days, give telephonic notice, and written notice by overnight delivery or facsimile, to counsel for the Bank, identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Highly Confidential information that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of Highly Confidential Information to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

12. <u>Inadvertent Disclosure:</u>  If a person bound by this Order discloses inadvertently Highly Confidential information to a person not authorized to receive that information, or if a person authorized to receive Highly Confidential information breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the

Bank. In addition, if a person bound by this Order becomes aware of any unauthorized disclosure of Highly Confidential information, that person shall immediately give notice of the unauthorized disclosure to the Bank. Notice in either circumstance described in this Paragraph shall include a full description of all facts that are pertinent to the wrongful disclosure. The person disclosing the Highly Confidential information shall make every reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information. Persons who violate the provisions of this Protective Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

13. <u>Objections to Designations:</u> A failure to challenge the propriety of a "Highly Confidential" designation at the time the material is produced shall not preclude a subsequent challenge to such designation. In the event a party objects to the designation of any material under this Order by another party, the objecting party shall first consult with the Bank and any other designating party to attempt to resolve the differences. If no accord is reached as to the proper designation of the material, the objecting party may, on notice to the Bank and any other designating party, apply to the Court for a ruling that the material shall not be so treated. If such motion is made, the Bank, and any other designating party, will have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any document or other material that has been designated "Highly Confidential" shall be treated as such unless and until the Court rules that it should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal has not been filed.

14. <u>Binding:</u> Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation. This Order is binding on all parties to this litigation, on all third parties who have agreed to be bound by this Order and on all others who have signed the Confidentiality Agreement in substantially the form attached hereto as Exhibit A, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties hereto or by Order of the Court.

15. <u>Time:</u> All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, or to such similar rule as may then be in effect.

16. <u>Execution in Counterparts:</u> This agreement may be executed in counterparts. A facsimile signature, or a signature communicated via email of a pdf attachment, shall be considered as a valid signature, as of the date of execution by all parties hereto or, if on different dates, then as of the latest date of execution by any party hereto. Upon execution by all parties, the original signature pages will be collected by counsel for the party that has first requested Highly Confidential information, who shall append the original signatures to this Stipulated Protective Order and then file it with the Court. This Stipulated Protective Order shall be deemed effective and binding upon all parties thereto upon endorsement of the Court and entry by the Clerk of the Court.

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---------------------------------------X
MOSHE SAPERSTEIN, et al.,            :   Case No. CV 04 20225
                                     :
                Plaintiffs,          :   Honorable Patricia A. Seitz
                                     :
        -against-                    :   Magistrate Judge John J. O'Sullivan
                                     :
PALESTINIAN AUTHORITY, et al.,       :
                                     :
                Defendants.          :
---------------------------------------X

**<u>CONFIDENTIALITY AGREEMENT</u>**

1.  My name is _____.

I live at _____.

I am employed as (state position) _____ by (state name and address of

employer) _____.

2.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.  I understand that sanctions may be entered for violation of the Protective Order. I consent to personal jurisdiction over me by the United States District Court for the Southern District of Florida with respect to the Protective Order.

Executed this ___ day of _____, 20__.

Print Name _____  Signature _____

STIPULATED AND AGREED TO:

THE BERKMAN LAW OFFICE, LLC

By: _____
     Robert J. Tolchin, Esq.

111 Livingston Street, Suite 1928
Brooklyn, NY 11201
Telephone: (718) 855-3627

**Attorneys for Plaintiffs Moshe Saperstein, et al.**

EDWARDS ANGELL PALMER & DODGE LLP

By: _____
     Gary A. Woodfield (Fla. Bar No. 563102)
gwoodfield@eapdlaw.com
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

Richard A. Hibey
rhibey@milchev.com
Mark J. Rochon
mrochon@milchev.com
Timothy P. O'Toole
totoole@milchev.com
Charles F.B. McAleer, Jr.
cmcaleer@milchev.com
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Telephone: (202) 626-5800
Facsimile: (202) 626-5801

**Attorneys for Defendants PA/PLO**

11

STIPULATED AND AGREED TO:

**THE BERKMAN LAW OFFICE, LLC**

By: _____
Robert J. Tolchin, Esq.

111 Livingston Street, Suite 1928
Brooklyn, NY 11201
Telephone: (718) 855-3627

**Attorneys for Plaintiffs Moshe Saperstein, et al.**

**EDWARDS ANGELL PALMER & DODGE LLP**

By: *[signature]*
Gary A. Woodfield (Fla. Bar No. 565102)
gwoodfield@eapdlaw.com
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

Richard A. Hibey
rhibey@milchev.com
Mark J. Rochon
mrochon@milchev.com
Timothy P. O'Toole
totoole@milchev.com
Charles F.B. McAleer, Jr.
cmcaleer@milchev.com
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Telephone: (202) 626-5800
Facsimile: (202) 626-5801

**Attorneys for Defendants PA/PLO**

11

DEWEY & LEBOEUF LLP

By: _____
Steven J. Young, Esq.

1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-8000
Facsimile:  (212) 259-6333

Attorneys for Non-Party Arab Bank plc

The above agreement is adopted as an Order of the Court

**SO ORDERED.**

Date:          June 4, 2009

_____
MAGISTRATE JUDGE
John J. O'Sullivan

12