UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN

MOSHE SAPERSTEIN, RACHEL SAPERSTEIN,
AVI ITZHAK SAPERSTEIN, TAMAR SAPERSTEIN,
DAFNA SAPERSTEIN, the ESTATE of AHUVA
AMERGI by and through RAFI AMERGI as
Administrator, RAFI AMERGI, individually and as legal
guardian of ITZAK AMERGI and EFRAIM AMERGI,
DAN DAVIDOVIC, JUDITH DAVIDOVIC,
ELIEZER DAVIDOVIC, ARIEL DAVIDOVIC, and
SARAH ZWEIG,

    Plaintiffs,
v.

THE PALESTINIAN AUTHORITY, and THE
PALESTINE LIBERATION ORGANIZATION,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND DIRECTING CLERK TO SEVER CLAIMS

THIS MATTER is before the Court on Moshe Saperstein, Rachel Saperstein, Avi Itzhak Saperstein, Tamar Saperstein, Dan Davidovic, Judith Davidovic, Eliezer Davidovic, Ariel Davidovic, and Sarah Zweig's second Motion for Reconsideration [DE 280].[1] This action arises out of the injury to Moshe Saperstein and killing of Ahuva Amergi in the Gaza Strip on February 18, 2002. On January 30, 2004, Moshe Saperstein and Ahuva Amergi's estate, administered by her former husband Rafi Amergi, filed this suit stating a Federal Terrorism Act ("FTA") claim and an Alien Tort Claims Act ("ATCA") claim respectively. (*See* DE 1.) After amending the complaint twice, Moshe Saperstein asserted: (1) a FTA claim; and (2) an ATCA claim on behalf of himself and his family, Rachel Saperstein, Avi Itzhak Saperstein, Tamar Saperstein, and Dafna Saperstein ("Saperstein Family Plaintiffs"). (*See* DE 8.) After a third amendment, Rafi Amergi maintained the ATCA claim and added a wrongful death claim on behalf of himself, the Estate, and Ahuva's survivors, Itzhak Amergi, Efraim Amergi, Dan Davidovic, Judith Davidovic, Eliezer

---

[1] On March 2, 2009, Podhurst Orseck withdrew from representing the 9 Plaintiffs who move for reconsideration, including 5 of the 9 AmergiPlaintiffs. The 4 Amergi Plaintiffs which remain with Podhurst Orseck, the Estate of Ahuva Amergi, Rafi Amergi, Itzak Amergi, and Efraim Amergi, do not oppose the relief sought in the motion. (*See* DE 281 at 2 n.1.)

Davidovic, Ariel Davidovic, and Sarah Zweig ("Amergi Plaintifs"). (*See* DE 68.)

Procedurally, this case has been an example of Murphy's Law - if it could go wrong, it has. First, after Moshe Saperstein obtained a default on liability for his FTA claim, all Plaintiffs filed a Third Amended Complaint even though only the Amergi Plaintiffs were granted leave to do so. (*See* DE 61 at 14; DE 68.) Second, the court of appeals vacated Magistrate Judge William Turnoff's $48 million judgment in favor of Saperstein because it was obtained without Defendants' consent to Magistrate jurisdiction and was not adopted as an order of this Court. (*See* DE 145.) Third, after the Court dismissed the Amergi Plaintiffs' ATCA claim for lack of subject matter jurisdiction and declined supplemental jurisdiction on their wrongful death claim, the appeals court vacated the final judgments against the Amergi Plaintiffs because the Court did not enter a judgment limited to the Amergi Plaintiffs pursuant to Fed. R. Civ. P. 54(b). (*See* DE 167.)

On September 29, 2008, the Court disentangled the first and second procedural knots by clarifying that Defendants remained in default but conditionally vacating the default and proceeding with trial on the merits. (*See* DE 209 "Omnibus Order" at 15.) As to the third knot, the Court adopted Plaintiffs' suggestion and formally severed the Amergi Plaintiffs' claims and Moshe Saperstein's claim into separate suits to allow the Amergi Plaintiffs an opportunity to appeal while Saperstein proceeded with his case.[2] (*See* Omnibus Order at 31.) The moving Plaintiffs now maintain that because the severance created a new case, the Amergi Plaintiffs will be precluded from relying on Moshe Saperstein's FTA claim to raise a "pendent party" supplemental jurisdiction challenge on appeal. The moving Plaintiffs ask the Court to reconsider the severance, re-join the Amergi Plaintiffs' claims in Saperstein's case, and enter a Fed. R. Civ. P. 54(b) judgment as to their claims. Defendants contend that: (1) the Court did not commit clear error by severing the cases at Plaintiffs' request; and (2) the severance did not prejudice the Amergi Plaintiffs because there was no sound basis for exercising supplemental jurisdiction over their Israeli state law wrongful death claim. Having reviewed the papers and the record, the Court will deny the moving Plaintiffs' motion because: (1)

---

[2] As Plaintiffs correctly note, the Omnibus Order specifically severed the claims of "the Estate of Ahuva Amergi," but did not include the rest of the Amergi Plaintiffs. (*See* Omnibus Order at 31.) Accordingly, this Order will formally sever the remaining Amergi Plaintiffs. The Clerk of Court also did not assign a new case number to the Amergis' claims. The silver lining here is that hopefully with this order the parties and Court can move beyond the procedural morass that has plagued these claims.

they fail to establish that the severance will prevent the Amergi Plaintiffs from challenging the Court's supplemental jurisdiction ruling; and (2) given the extraordinary inconvenience and expenditure of judicial resources, they do not demonstrate that the Court's severance was clearly erroneous because the Court would exercise its discretion and decline supplemental jurisdiction over the Amergi Plaintiffs' Israeli state law wrongful death claim.

I.    **Standards**

It is well-settled that reconsideration "is an extraordinary remedy to be employed sparingly."[3] *Bautista v. Cruise Ships Catering and Service Int'l, N.V.*, 350 F. Supp.2d 987, 992 (S.D. Fla. 2003) (citation omitted). The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992). Accordingly, to justify reconsideration, the Amergi Plaintiffs must establish: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002).

II.   **Discussion**

The Amergi Plaintiffs plan to appeal the Court's December 2006 ruling dismissing their ATCA and wrongful death claims because they contend that the Court had pendent party jurisdiction pursuant to Moshe Saperstein's FTA claim. They contend that, by separating their action from Saperstein's FTA action under Fed. R. Civ. P. 21 rather than Fed. R. Civ. P. 42, this Court will have barred the appellate court from remedying the allegedly erroneous dismissal because supplemental jurisdiction does not operate across cases.[4] Aside from the

---

[3] While the Amergi Plaintiffs pursue reconsideration under Fed. R. Civ. P. 60 rather than Fed. R. Civ. P. 59, the standard under both rules is the same. *See Lynn v. Romar Marina Club, LLC*, 2009 WL 921089, *2 n.1 (S.D. Ala. April 1, 2009).

[4] As the Amergi Plaintiffs concede, however, they did not locate any case law that supports this position. (*See* DE 281 "Memorandum" at 8.)

fact that the Amergi Plaintiffs themselves suggested the Rule 21 severance to the Court,[5] the Amergi Plaintiffs do not demonstrate how the severance would bar review of the dismissal of their wrongful death claim. This Court relies on the good judgment of the Court of Appeals to ensure that, if this Court has misapplied the law, it will remand the case with the appropriate instructions to do justice consistent with the law.

To be sure, an appeal from a final judgment calls into question all orders which produced the judgment. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1184-85 (11th Cir. 2003) (appeal from final judgment authorizes review of a district court's order declining supplemental jurisdiction); *see also Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989) ("The final summary judgment in this case therefore, draws into question the district court order denying the plaintiff's motion to stay because that order was interlocutory in nature"). Indeed, from final judgments, an appellate court may restructure joinder and severance of claims to prevent prejudice. *See Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008) (vacating district court's dismissal and requiring severance of the plaintiffs' claims under Rule 21 or Rule 42). Given the Eleventh Circuit's broad latitude on appeal from final judgments to review the Court's orders and reallocate the parties' claims, the Eleventh Circuit could revise both the dismissal order and the severance order to require consolidation of the Amergi Plaintiffs' wrongful death and Saperstein's FTA claim. Thus, the Amergi Plaintiffs do not establish that the Court's severance will preclude the Eleventh Circuit from revising the severance should it deem such action necessary.

What is more, the Amergi Plaintiffs' pendent party theory of supplemental jurisdiction does not render the severance clearly erroneous because the Court could and would have declined supplemental jurisdiction over their wrongful death claim. The Court may decline to exercise jurisdiction in "exceptional circumstances, [where] there are [] compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c)(4). In its decision, the Court must balance four concerns: (1) judicial economy; (2) convenience; (3) fairness to the parties; and (4) whether all the claims would be expected to be tried together. *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1569

---

[5] The Amergi Plaintiffs insist that their Rule 21 suggestion at oral argument was merely an "extemporized afterthought," and was not included in their brief on the issue. (*See* DE 296 "Reply" at 6; DE 187 "Transcript" at 10-11.) However, the fact that they raised the Rule 21 severance at oral argument undermines their present concerns about Rule 21's preclusive effect.

(11th Cir. 1994) (citations omitted). The weight of judicial resources demanded by the Amergi Plaintiffs' wrongful death claim and their attenuated connection to the United States provide compelling reasons to decline jurisdiction.

Although the Court and parties have expended substantial resources in guiding this case to merits litigation, the Amergi Plaintiffs' wrongful death claim poses new and uncharted difficulties, including: (1) choosing the appropriate law to apply to an incident occurring in the Gaza Strip; and (2) assuming Israeli law applies, obtaining controlling and current translations of Israeli tort law.[6] As a practical matter and contrary to moving Plaintiffs' argument, while the United States and Florida have an interest in combating terrorism, they do not have unlimited resources to be the Court of record for all non-citizens who have no nexus to this District other than the office of their original counsel. Indeed, moving Plaintiffs acknowledge that Israeli courts provide a forum for its citizens and are resolving choice of law issues similar to those they ask this Court to confront. (*See* DE 296, Ex. 3 ¶ 9.) Ahuva Amergi was killed in an attack in the Gaza Strip in which Moshe Saperstein was also injured. Although moving Plaintiffs are resting on an esoteric principle of "pendent party" jurisdiction to bring a wrongful death claim, the Court does not find a connection to or interest in Florida or the United States which counsels the Court to retain a foreign wrongful death claim based on Israeli nationals' injuries caused in the Gaza Strip. Thus, the Court would exercise its discretion to decline jurisdiction over the Amergi Plaintiffs' wrongful death claim.

### III.     Conclusion

The Court will deny the moving Plaintiffs' motion for reconsideration because they fail to demonstrate that the Rule 21 severance precludes the Eleventh Circuit's review of the dismissal of the Amergi Plaintiffs' wrongful death claim. Further, the Rule 21 severance was not erroneous because judicial economy and the Amergi Plaintiffs' attenuated connection to the United States militate against the Court's exercise of supplemental jurisdiction over the wrongful death claim. Accordingly, it is hereby

---

[6] The parties presume Israeli law applies, but do not set forth the elements of an Israeli wrongful death claim or who are appropriate parties to or beneficiaries of such an action. The Court's limited research indicates that controlling Israeli law is written in Hebrew and any authorized English translations have not been updated in more than twenty years. *See* Foreign Law Guide, Israel, http://foreignlawguide.com/ip/flg/Israel.htm (last visited June 8, 2009); *see also* Guide to the Israeli Legal System, http://www.llrx.com/features/israel2.htm#Introduction (Last visited June 8, 2009).

ORDERED that

(1) The Amergi Plaintiffs' Motion to Reconsider the Severance from Moshe Saperstein's Claim [DE 280] is DENIED.

(2) The claims of Rafi Amergi, Itzak Amergi, Efraim Amergi, Dan Davidovic, Judith Davidovic, Eliezer Davidovic, Ariel Davidovic, and Sarah Zweig are SEVERED from this action and shall be included with the claims of the Estate of Ahuva Amergi in a separate suit.

(3) The **Clerk of Court** is directed to assign a separate case number to the Estate of Ahuva Amergi, Rafi Amergi, Itzak Amergi, Efraim Amergi, Dan Davidovic, Judith Davidovic, Eliezer Davidovic, Ariel Davidovic, and Sarah Zweig's two claims:

    (A) Alien Tort Claims Act claim [DE 68 at 10] against all Defendants.

    (B) Wrongful Death [DE 68 at 12] against all Defendants.

(4) The **Clerk of Court** shall duplicate all docket entries in the existing case's docket to date in the new case's docket. This Court will accept assignment of the new case.

DONE AND ORDERED in Miami, Florida, this 11 day of June, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT

cc:    Magistrate Judge John J. O'Sullivan
       Counsel of Record