IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN

_____

MOSHE SAPERSTEIN, *et al.*,                     )
                                                )
                                                )
                          Plaintiffs,           )
          v.                                    )
                                                )
THE PALESTINIAN AUTHORITY, *et al.*,            )
                                                )
                          Defendants.           )
_____                  )

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING
<u>PLAINTIFF'S NOTICE OF DEPOSITION OF AHMED QUREI</u>**

1000363.6

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by and through counsel pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.1, respectfully submit the following in support of their Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei.

## BACKGROUND

On August 27, 2009, Ahmed Qurei was elected to the Executive Committee of the PLO. October 14, 2009 Hearing Transcript ("Tr.") at 4:7-9. The next day, Plaintiff served Defendants PA and PLO with a Notice of Taking The Deposition of Ahmed Qurei which provides:

> PLEASE TAKE NOTICE that, pursuant to Rule 30, Fed. R. Civ. P., plaintiff's counsel will take the deposition of Ahmed Qurei (a/k/a Ahmad Qurei and Abu Alaa) an officer, director and/or managing agent of defendants Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA"), on September 14, 2009, at 9:00 a.m., at the Jaroslawicz Law Offices, 1177 Kane Concourse, Bay Harbor Islands, Florida 33154, at which time and place the PLO and PA shall cause Ahmed Qurei to appear.

Ex. 1. Plaintiff has not attempted to serve Mr. Qurei with any process relating to the Notice.

Defendants timely served Objections to the Notice on September 14, 2009. Ex. 2. On September 17, 2009, the parties met and conferred by telephone. Following that call, Plaintiff filed a Notice of Hearing for October 14, 2009, indicating that Plaintiff would seek "leave to file a motion to compel Defendants to comply with Plaintiff's Notice of Taking the Deposition of Ahmed Qurei." (Dkt. #349). Defendants subsequently filed a Notice of Hearing for October 14, 2009 indicating that they would "seek leave to file a motion, pursuant to Fed. R. Civ. P. 26(c), for a protective order regarding the Notice of Deposition." (Dkt. #352 at 4).

The parties appeared before Magistrate Judge John J. O'Sullivan on October 14, 2009. After hearing from the parties, the Court granted Defendants permission to file the instant motion

for protective order and granted Plaintiff permission to file a simultaneous motion to compel.  Tr. at 29:3-33:13.  The Court subsequently confirmed those rulings in a written order.  (Dkt. #354).

## STANDARD OF REVIEW

This Court has discretion to enter a protective order precluding or limiting discovery under Federal Rule of Civil Procedure 26(c) "for good cause" shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The Court may enter such an order "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(A), (C) and (D).  The Court "is give[n] wide discretion in setting the limits of discovery, and its judgment will be overturned only when a clearly erroneous principle of law is applied or no evidence rationally supports the decision." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted).

## ARGUMENT

I.   **FEDERAL RULE OF CIVIL PROCEDURE 30 DOES NOT REQUIRE DEFENDANTS TO PRODUCE MR. QUREI FOR DEPOSITION**

At the October 14 hearing the Court framed the issue for decision as "why under Rule 30 [Defendants] should be required to produce this gentleman as a member of the Executive Committee of the PLO to testify about Fatah?"  Tr. at 24:1-3.  Defendants should not be required to do so for three independent reasons.  First, as a matter of law, the plain language of Rule 30 does not require Defendants to produce any specifically named officer, director or managing agent in response to a deposition notice served by Plaintiff.  Second, as a matter of fact, Mr. Qurei is not an officer, director or managing agent of either the PA or the PLO under the relevant legal tests as they apply to unincorporated associations such as Defendants.  Third, even if Rule

30 required Defendants to produce Mr. Qurei in response to a notice because he is properly viewed as a current officer, director or managing agent of the PLO, his testimony should only be required in that current capacity as such, and his knowledge in that capacity is irrelevant to the issues in this lawsuit.  Accordingly, Defendants' Motion for Protective Order should be granted.

### A.   Rule 30(b)(1) Does Not Require Defendants to Produce an Officer, Director or Managing Agent for Deposition in Response to Plaintiff's Notice

As the Court acknowledged at the hearing, because Mr. Qurei is unlikely to appear at any deposition that may be ordered, and Plaintiff is likely to seek sanctions therefore, the Court must, as an initial matter, determine whether it has sufficient jurisdiction to order Defendants to produce Mr. Qurei for deposition simply because Plaintiff has noticed his deposition.  Tr. at 32:7-11.  Although *United States v. One Parcel of Real Estate*, 121 F.R.D. 439, 440-41 (S.D. Fla. 1988) appears to have concluded that corporate parties who make affirmative claims for relief in this Court can be required to produce named directors in response to deposition notices, a careful review of Rule 30 reveals that Defendants such as the PA and PLO, who have not voluntarily sought to invoke the jurisdiction of the Court, are not required by the text of the Rule to produce officers, directors or managing agents in response to a deposition notice.

This issue of whether Rule 30 "allows plaintiff to notice for deposition any director, officer, or managing agent of defendant and to compel defendant to produce the person . . . for deposition" was thoroughly analyzed by Magistrate Judge Ronald Boyce in *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 500 (D. Utah 1997).  After an exhaustive analysis of the text of Rule 30 and relevant judicial decisions, the court concluded that the "Rules of Civil Procedure do not provide direct and concrete support for the obligation of a corporation to produce a director, officer or managing agent pursuant to notice under Rule 30(b)(1)," and, accordingly, denied a

motion to compel the production of a corporate officer for deposition who was located overseas. *Id.* at 503-04.  A similar result should obtain here.

Analysis of this issue must begin with the text of Rule 30, which initially provides:

> A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Fed. R. Civ. P. 30(a)(1).  Here, Plaintiff has not attempted to compel Mr. Qurei's attendance "by subpoena under Rule 45" or through any international discovery process.  Rather, Plaintiff has simply served a Notice on Defendants commanding that they "cause Ahmed Qurei to appear." Ex. 1.  The initial issue is thus whether that Notice compels Defendants to produce Mr. Qurei.

The procedure for noticing a deposition is contained in Rule 30(b)(1) which states:

> *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1).  As the *Stone* decision noted, "[n]othing in Rule 30(b)(1) obligates a corporation to produce an officer, not a party to the litigation, at a deposition."  170 F.R.D. at 500.  Indeed, although Rule 30(b)(1) "allows a party to notice for deposition on oral examination 'any person,'" "[n]othing in Rule 30(b)(1) refers to a corporation or a director[,] managing agent, or officer." *Id.*  Thus, Rule 30(b)(1) "does not expressly obligate a corporation to produce a corporate director, officer or managing agent in the litigation forum for deposition." *Id.* at 501.

The portion of Rule 30 that does actually reference "officers, directors, or managing agents" confirms that Defendants are not required to produce Mr. Qurei simply because the Plaintiff has noticed his deposition.  Rule 30(b)(6) allows a party in a "notice or subpoena" to

"name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity" and "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Following receipt of such a notice, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* The Notice at issue clearly does not trigger any obligation Defendants might have under Rule 30(b)(6) because it neither "name[s] as the deponent" any "organization" nor "describe[s] with reasonable particularity the matters for examination." *Id.* Moreover, even if the Plaintiff were to serve a proper Rule 30(b)(6) Notice naming one or the other of the Defendants "as the deponent," it would be the "named organization," not the Plaintiff, who would be entitled to designate the person or persons who would testify on its behalf. *Id.* Thus, nothing in the text of either Rule 30(b)(1) or Rule 30(b)(6) requires Defendants to produce Mr. Qurei in response to Plaintiff's pending Deposition Notice.

The *Stone* court concluded that judicially imposing an obligation that every organization automatically produce any of its officers, directors or managing agents pursuant to a deposition notice would be problematic for at least three reasons. 170 F.R.D. at 501. First, "the forum may be remote to the residence and place of business of the corporate official." *Id.* Second, "the corporate official may not be a particularly knowledgeable person about matters at issue in the litigation." *Id.* Third, "[a]n automatic obligation to produce a corporate officer for deposition pursuant to notice under Rule 30(b)(1) F.R.C.P. is susceptible to abuse." *Id.*

All of these concerns are present here and support the entry of a Protective Order precluding Mr. Qurei's deposition. Mr. Qurei's "residence and place of business" is Occupied Palestinian Territory which is certainly "remote" to this forum. He is also not, at least in his

current capacity, a "particularly knowledgeable person about matters at issue in the litigation." *See infra* Part I.C. Likewise, the obligation advocated by Plaintiff is clearly "susceptible to abuse" in this case. As the Court noted at the hearing, the fact that Plaintiff noticed Mr. Qurei's deposition one day after his election to the PLO Executive Committee suggests that Plaintiff is "using a subterfuge by requiring [Defendants] to produce him as a member of the PLO, when that's not what [Plaintiff] want[s] to talk to him about." Tr. at 18:12-14. It also appears that, in light of the fact that Mr. Qurei has expressly declined to appear even after being directed to do so by the PLO Secretary General, *id.* at 14:14-19, Plaintiff's entire effort to depose Mr. Qurei is now geared, not toward obtaining proper discovery, but toward obtaining a discovery sanction against Defendants. *See infra* Part III. Accordingly, all of the rationales considered by the court in *Stone* support the entry of the Protective Order requested by Defendants here.

Defendants acknowledge that the Court expressed the view at the hearing that "generally if you have a high level person in a corporation or an organization, you have to produce him." Tr. at 31:4-6. That view appears to be consistent with the aforementioned decision in *United States v. One Parcel of Real Estate*, 121 F.R.D. 439, 440-41 (S.D. Fla. 1988), where the Court ordered corporate claimants in a forfeiture action to produce their directors for deposition in response to a deposition notice. Although Judge Scott in that case indicated that "this procedure is correct under the Federal Rules of Civil Procedure," we respectfully submit that a careful analysis of the text of Rule 30 and the authorities cited do not support that conclusion.

The principal authority relied upon by Judge Scott in *One Parcel of Real Estate* was not Rule 30 itself but *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987), which stated, in pertinent part, that "[a] party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a particular officer, director, or

managing agent pursuant to Rule 30(b)(1)." 121 F.R.D. at 440 (quoting *GTE*, 115 F.R.D. at 68). However, as the *Stone* court pointed out, these statements from *GTE* are not persuasive authority for the proposition advanced by the Plaintiff here that an entity party must produce any officer, director or managing agent in response to a deposition notice.

First, in *GTE*, the "plaintiff served notice on a corporation to take the deposition of corporate employees who were *not* officers, directors, or managing agents," and the *GTE* "court held the notice method could not be used to compel the corporation to produce such persons." *Stone*, 170 F.R.D. at 501 (analyzing *GTE*, 115 F.R.D. at 69) (emphasis in original).  Thus, the language *One Parcel of Real Estate* relies upon from *GTE* is merely "a dicta statement." *Id.* at 502.  Second, and more importantly, a close reading of *GTE* reveals that the "court does not say that the deposition of a corporate director, officer or managing agent may be compelled by the notice method" and "[n]o citation in support of that assertion of plaintiff is made in the *GTE* case." *Id.* at 502.  Accordingly, *GTE* "does not directly support the plaintiff's assertion that a corporate director, officer, or managing agent must appear on mere notice given to the corporate party that a nonparty corporate officer is to be deposed." *Id.*

The other authorities quoted by Judge Scott in *One Parcel of Real Estate* also do not by their own terms hold that the deposition of an organization's director, officer or managing agent may be compelled by a notice alone. *See* 121 F.R.D. at 440 (quoting 8 *Wright & Miller, Federal Practice and Procedure: Civil* § 2103 p. 375 (2d ed. 1970) and Advisory Committee note to the 1970 amendment, 48 F.R.D. at 515).  Judge Scott's opinion also cites *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y. 1985), without explication or analysis, *see* 121 F.R.D. at 440, but that case also does not directly analyze whether an organization can be compelled to produce a named officer, director or managing agent based on notice alone.

Indeed, the *Sugarhill* decision did not cite Rule 30(b)(1) at all, relied on case law decided before the 1970 Rule amendments, and ultimately allowed the corporation to produce someone with knowledge other than the named deponent if it chose to do so. *See Stone*, 170 F.R.D. at 503 (analyzing *Sugarhill*). Thus, the authority relied upon by Judge Scott in *One Parcel of Real Estate* does not support the conclusion that an organization must produce a named officer, director or managing agent in response to a deposition notice. Indeed, *Stone* expressly considered *One Parcel of Real Estate* in reaching its conclusion that "the Rules of Civil Procedure do not provide direct and concrete support for the obligation of a corporation to produce a director, officer or managing agent pursuant to notice under Rule 30(b)(1)." *Id.*

The result in *One Parcel of Real Estate* is supportable, however, on an alternative rationale which is not present here. In that case, the corporations resisting the production of their directors in response to deposition notices had made claims for affirmative relief from the Court by asserting the "innocent owner defense" to the government's forfeiture claims. *See* 121 F.R.D. at 440. By doing so, they voluntarily subjected themselves to the jurisdiction of this Court, and thereby empowered the Court to order the claimant corporations to produce their directors in this judicial district. *See United States v. Kokko*, No. 06-20065, 2007 U.S. Dist. LEXIS 54885, at *19 (S.D. Fla. July 30, 2007) (citing *One Parcel of Real Estate* as authority for holding that a "claimant seeking affirmative relief by invoking the jurisdiction of this Court . . . is not beyond the subpoena power of this Court and may be compelled to produce its corporate representative for deposition in this country if it wishes to pursue a claim in this proceeding"). Here, by contrast, Defendants are unincorporated associations who have been haled into Court over their objection that, *inter alia*, the Court lacks personal jurisdiction over them. Unlike the corporations involved in *One Parcel of Real Estate*, Defendants are not seeking "relief by

invoking the jurisdiction of this Court," and have not voluntarily submitted to an exercise of the Court's jurisdiction.  Thus, *One Parcel of Real Estate* does not require Defendants to produce officers, directors or managing agents in response to Plaintiff's deposition notices in this matter.

Accordingly, because, as a matter of law, Rule 30 does not require Defendants to produce Mr. Qurei, the Court should enter Defendants' requested Protective Order.

**B.      Mr. Qurei is Not an Officer, Director or Managing Agent of Defendants**

Alternatively, assuming *arguendo* that Defendants can be legally required to produce officers, directors and managing agents for deposition on notice alone, the Court should still enter a Protective Order because Mr. Qurei is not in fact an officer, director or managing agent of either Defendant.  Mr. Qurei holds no current position with the PA.  Tr. at 7:24-8:1.  Therefore, the factual issue for determination is whether Mr. Qurei is a current officer, director or managing agent of the PLO.  The Plaintiff, as the "party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined." *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 U.S. Dist. LEXIS 6356, at *4 (S.D. Fla. Jan. 19, 2009).

"The identification of corporate officers and directors is a simple fact question." *Triple Crown Am., Inc. v. Biosynth AG*, No. 96-7476, 1998 U.S. Dist. LEXIS 6117, at *6 (E.D. Pa. Apr. 30, 1998).  Because the PLO is not a corporation, Mr. Qurei is obviously neither an "officer" nor "director" of the PLO.  Thus, the issue boils down to whether Mr. Qurei is a "managing agent" of the PLO.  *See Karakis*, 2009 U.S. Dist. LEXIS 6356, at *11-12 (where plaintiff sought to depose "co-trustees" of unincorporated trust, court considered whether "co-trustees" were "managing agents" of trust).

The identification of a managing agent is "a fact-sensitive question that depends on several factors." *Triple Crown Am., Inc.*, 1998 U.S. Dist. LEXIS 6117, at *6.  "Most courts follow a three-prong test for determining whether a person is a 'managing agent:'"

- First, the individual should possess general powers to exercise judgment and discretion in corporate matters.
- Second, the individual should be a person who can be relied on to give testimony, at the employer's request, in response to the demand of the examining party.
- Third, the individual should be a person who can be expected to identify with the interests of the corporation.

7 James Wm. Moore et al., Moore's Federal Practice ¶ 30.03[2] (3rd ed. 2009).

Mr. Qurei does not qualify as a "managing agent" of the PLO under any of these prongs. First, Mr. Qurei does not possess "general powers to exercise judgment and discretion in [PLO] matters." Rather, he is one member of an 18 member Executive Committee with no more authority than any other member. Tr. at 18:1-2. He is therefore not subject to deposition as a PLO "managing agent." *Armstrong Cork Co. v. Niagara Mohawk Power Corp.*, 16 F.R.D. 389, 390 (S.D.N.Y. 1954) ("a corporation, for example, cannot be examined by a director who is not shown to be more than a traditional director of an American corporation without administrative responsibility or an active part in the actual conduct of the business on a day-to-day basis").

Second, Mr. Qurei clearly cannot be "relied upon to give testimony" at the PLO's request. Moore's Federal Practice ¶ 30.03[2]. When the PLO's Secretary General directed him to appear for the noticed deposition, Mr. Qurei "responded that he would not appear for such a deposition." Tr. at 14:14-19. Mr. Qurei refusal to appear thus compels the conclusion that he is not a PLO "managing agent." *See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 238 (S.D.N.Y. 2004) (persons who "have refused to appear for noticed depositions and have made it clear that they will not appear in the future, even at the expense of sanctions for the entity defendants" are not "managing agents").

Third, Mr. Qurei's refusal also demonstrates that he is not "a person who can be expected to identify with" the PLO's interests. Moore's Federal Practice ¶ 30.03[2]. "A managing agent

is a 'person who has the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.'" *JSC*, 220 F.R.D. at 238 (citation omitted). Here "it cannot be said that [Mr. Qurei's] interests are identified with those of the [PLO]," and, thus, "it cannot be concluded that the [PLO] control[s] [Mr. Qurei] to such an extent that [he] could be compelled to testify pursuant to a notice of deposition, and that the [PLO] could be subject to sanctions for failing to make [him] appear." *Id.* Because Plaintiff cannot meet his burden of showing that Mr. Qurei is a managing agent of the PLO, the Protective Order should be entered.

### C.  Even If Mr. Qurei Is an Officer, Director or Managing Agent of Either Defendant, His Deposition Should Not Be Compelled Because He Has No Relevant Knowledge in that Capacity

Alternatively, assuming *arguendo* that Mr. Qurei's appointment to the PLO Executive Committee on August 27, 2009 makes him an officer, director or managing agent of the PLO, his deposition should not be compelled because he possesses no relevant knowledge in that capacity. "[O]nly a party may be compelled to give testimony pursuant to a simple notice of deposition." Moore's Federal Practice ¶ 30.03[2]. Thus, if Mr. Qurei is subject to deposition here, it can be only because he is an "alter ego" of the party PLO, and his deposition therefore ought, in fairness, to be limited to his knowledge as such. The relevant events took place between October 1, 2000 and February 18, 2002 at a time when Mr. Qurei held no executive office in the PA or PLO, Tr. at 8:15-9:15, and his knowledge *qua* the PLO since his August 2009 appointment is obviously irrelevant to this litigation. Thus, if Mr. Qurei were to be deposed about what he knows as a current repository of "PLO knowledge," he would have nothing relevant to say. For that reason alone, his deposition should be disallowed.

"[T]he oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case," and

"[t]he Court need not permit a party to wear out or harass a corporation with a number of futile Rule 30(a)(1) depositions." *Folwell v. Sanchez Hernandez*, 210 F.R.D. 169, 173, 174 (M.D.N.C. 2002). Moreover, "[e]ven when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive." *Id.* at 173.

Courts have repeatedly limited the scope of depositions of corporate officials to their unique and relevant "corporate knowledge" in circumstances similar to this case. For example, in *Howard v. States Marine Corp.*, 1 F.R.D. 499, 501 (S.D.N.Y. 1940), the court allowed a deposition of a corporate vice president, but limited the examination to one area of inquiry where the plaintiff claimed the vice president alone had knowledge. Similarly, in *Tavoulareas v. Piro*, 93 F.R.D. 35, 45 (D.D.C. 1981), the court limited the scope of a deposition of a former newspaper ombudsman to his knowledge of journalistic practices and standards during the time period six months before and after the publication at issue. *See also United States v. 50.34 Acres of Land*, 12 F.R.D. 440, 442 (E.D.N.Y. 1952) (examination of Chief of Real Estate Division of Army Corps of Engineers restricted to one specific area).

*Folwell* similarly limited the deposition of a corporate executive who assumed her position after the events at issue to areas of corporate knowledge where she had "unique personal knowledge," "special knowledge," "unique insight," or was otherwise "the person in the best position to offer testimony." 210 F.R.D. at 174-75. Other courts have reached similar results. *See Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirming protective order disallowing deposition of chief executive officer who lacked pertinent knowledge); *Chick-Fil-A, Inc. v. CFT Dev., LLC*, No. 5:07-cv-501, 2009 U.S. Dist. LEXIS 34496, at *9-10 (M.D. Fla. Apr. 3, 2009) (disallowing deposition of executive who did not possess "unique or superior knowledge" of relevant facts by virtue of his position); *Burns v.*

- 12 -

*Bank of Am.*, No. 03 Civ. 1685, 2007 U.S. Dist. LEXIS 40037, at *9-17 (S.D.N.Y. June 4, 2007) (disallowing deposition of General Counsel who did not hold position during relevant time and did not have "unique, non-duplicative knowledge of relevant facts"). Accordingly, if the Court were to require Mr. Qurei to sit for deposition as a representative of the PLO, it should limit his deposition to the unique relevant knowledge he obtained in that capacity. And because Mr. Qurei possesses no such unique relevant knowledge as a result of his recent appointment to the Executive Committee, the Court should enter the requested Protective Order.

## II.   EVEN IF DEFENDANTS COULD BE REQUIRED TO PRODUCE MR. QUREI FOR DEPOSITION, THE COURT SHOULD NOT ORDER DEFENDANTS TO DO SO AT THIS TIME

Alternatively, if the Court is inclined to order a deposition of Mr. Qurei, that deposition should not be allowed at this time because the relevant information Plaintiff seeks from Mr. Qurei "can be obtained from some other source that is more convenient [and] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). Specifically, the information Plaintiff seeks can be obtained from documents, interrogatory answers, depositions of lower-level officials and/or Rule 30(b)(6) depositions. Accordingly, Mr. Qurei's deposition should not be allowed at this time.

Plaintiff has indicated that he intends to examine Mr. Qurei about two topics: (1) certain statements made by Mr. Qurei concerning the relationship between Fatah and the Al Aqsa Martyrs Brigade that were made after the attack at issue, and (2) Mr. Qurei's knowledge concerning "funding arrangements between the PLO and Fatah." *See* Tr. at 12:4-13:2, 20:14-21:11.[1] As to the first area of inquiry, Mr. Qurei's alleged statements were made years after the

---

[1] Defendants noted at the hearing that, in a prior deposition in this matter, Plaintiff examined the witness about topics well beyond those he represented were the purpose of the deposition at the time it was ordered. Tr. at 10:8-11:5. Defendants therefore cannot be certain that these topics are, in fact, those about which Plaintiff intends to examine Mr. Qurei.

incident.  They are therefore not relevant as a matter of law to Plaintiff's claims that Defendants provided material support to the Al Aqsa Martyrs Brigade.  *See* August 25, 2009 Hearing Tr. at 22:12-23:10 ("Post February 2002 alleged material support does not, therefore, fall within 2339(A).").  Accordingly, Mr. Qurei's post-attack statements are not relevant and do not justify taking his deposition.  *Id.  See also* Tr. at 12:3-13:2.

Plaintiff's stated desire to take discovery concerning Fatah funding also does not justify the deposition of Mr. Qurei.  Defendants acknowledge that the Court entered an Order dated September 2, 2009, requiring Defendants to produce certain documents pertaining to funding of Fatah during the period October 1, 2000 to February 18, 2002.  (Dkt #339).  In accordance with that order, on October 19, 2009, Defendants produced responsive documents.  Ex. 3.  This production of documents should obviate Plaintiff's need to depose Mr. Qurei on this subject.

Moreover, even if the document production were somehow not sufficient discovery on this issue, on October 9, 2009, Plaintiff propounded an interrogatory to Defendants seeking "the total amount of all funds and monies provided by the PA and PLO to Fatah" from October 1, 2000 until February 18, 2002.  Ex. 4 at 10.  Defendants' answer to this interrogatory is due on November 11, 2009.  The Court should accordingly decline to order the deposition of Mr. Qurei until the written discovery on this issue has been completed.  *Reliable Volkswagen Sales & Serv. Co., Inc. v. World-Wide Autos. Corp.*, 26 F.R.D. 592, 594 (D.N.J. 1960) (refusing to order defendant to produce an officer for deposition until after interrogatories were answered); *Howard v. States Marine Corp.*, 1 F.R.D. 499, 501 (S.D.N.Y. 1940) (allowing limited deposition of corporate Vice President only after interrogatories were answered).

The Court should also require that any initial deposition that takes place on the issue of Fatah funding be of a lower-level official of the Defendants than Mr. Qurei.  Assuming *arguendo*

that Mr. Qurei is subject to deposition by notice, Plaintiff now seeks to compel the deposition of an individual who, by Plaintiff's own characterization, holds a "top level position in the defendant PLO." Tr. at 4:22-24. "Rule 26(b) gives the court power to regulate harassing or burdensome depositions," and "unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive." *Folwell v. Sanchez Hernandez*, 210 F.R.D. 169, 173 (M.D.N.C. 2002).

Courts confronted with circumstances similar to these routinely order that the depositions of lower-level employees take place before requiring senior executives to sit for deposition. In *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979), the Fifth Circuit affirmed an order denying the plaintiff's request to depose the corporate defendant's president until after lesser-ranking individuals had been deposed. The district court adopted this "wait and see" posture in the hopes that plaintiff would discover what she needed from individuals with more direct knowledge of the facts at issue, thereby obviating the need for deposing the corporation's president. *Id.* at 651. Similarly, in *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995), the Tenth Circuit upheld a protective order disallowing the deposition of a corporate officer because the plaintiff did not demonstrate that the information "could not be gathered from other IBM personnel, for whom a deposition might have been less burdensome." *See also Reif v. CNA*, 248 F.R.D. 448, 454 (E.D. Pa. 2008) (disallowing deposition of CEO because plaintiff had not yet deposed lower officials). Here, Plaintiff has not sought depositions from any individuals other than Mr. Qurei who may have more knowledge concerning the funding of Fatah during the relevant time period.

More importantly, Plaintiff has not sought to depose either Defendant through Rule 30(b)(6) on this subject, which is the sole subsection of Rule 30 that explicitly requires an

"organization" to provide testimony through an officer, director, managing agent or other designated person. *See infra* Part I.A. Rule 30(b)(6) is the "preferred approach for deposing" an entity, and, "[p]rior to permitting the deposition of a high level corporate executive, the court may wish to require a Rule 30(b)(6) deposition." *Folwell*, 210 F.R.D. at 173. Thus, when an organization seeks a protective order to preclude a deposition of an executive, "the court can consider whether the party seeking the deposition has made an effort to obtain information under Rule 30(b)(6)." *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 504 (D. Utah 1997).

Courts therefore routinely disallow depositions of corporate executives "without first showing compliance with Rule 30(b)(6) . . . or other discovery methods and the reasonable exhaustion of the relevant subject matter." *Id. See also Folwell*, 210 F.R.D. at 173 (requiring plaintiffs to "first take the Rule 30(b)(6) corporate deposition" before deposing CEO); *Reif*, 248 F.R.D. at 454 (same); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 336 (M.D. Ala. 1991) (disallowing deposition of vice president where defendant had implored plaintiffs to issue a Rule 30(b)(6) notice and "wait to see what that generates"); *Community Fed. Sav. & Loan Ass'n v. FHLBB*, 96 F.R.D. 619, 621-22 (D.D.C. 1983) ("an agency official . . . is generally not to be required to submit to an oral discovery deposition in connection with civil litigation when the agency itself has or is willing to . . . designat[e] a single representative to speak for the agency on deposition in accordance with Fed. R. Civ. P. 30(b)(6)"). The Court should therefore enter the requested Protective Order and require that Plaintiff exhaust the less burdensome discovery methods discussed above before compelling Defendants to produce Mr. Qurei for deposition.

## III.   THE COURT SHOULD NOT ENTER AN ORDER THAT WOULD ONLY SERVE TO SUBJECT DEFENDANT PLO TO SANCTIONS

Finally, even if the Court is otherwise inclined to order an immediate deposition of Mr. Qurei, the Court should decline to do so because the likely result of such an order is not the

discovery of relevant information, but rather the imposition of a discovery sanction on Defendant

PLO.  The Court appeared to recognize as much at the hearing when it remarked that "if I find

that his deposition should be taken, and he is a member of your defendant and he is refusing to

appear, then the defendant is going to suffer sanctions for that" which "can go to . . . striking

your defenses to the case and you can be back to where you were . . . 4 years ago."  Tr. at 15:2-

15.  The Court should not, however, create the predicate for the PLO to be sanctioned for

violating an order to produce an individual who has already indicated that he will not appear.

Instead, the Court should enter a Protective Order preventing the deposition of Mr. Qurei.

"The decision to dismiss a claim or enter default judgment ought to be a last resort --

ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for

those orders."  *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d

1314, 1317 (11th Cir. 1997) (citations omitted).  Thus, "[v]iolation of a discovery order caused

by . . . inability to comply will not justify a Rule 37 default judgment or dismissal."  *Id.*

Accordingly, "when a corporation is unable through good faith efforts to compel a director to

make discovery, it is unlikely that the court will impose sanctions."  Advisory Committee Note

to the 1970 amendment to Rule 37(d).

Indeed, these principles have a heightened application in cases such as this one where the

responding party is a foreign entity.  "When it is necessary to seek evidence abroad . . . the

district court must supervise pretrial proceedings particularly closely to prevent discovery

abuses," and "should exercise special vigilance to protect foreign litigants from the danger that

unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position."

*Societe Nationale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522,

546 (1987).  For example, "the additional cost of transportation of documents or witnesses to or

from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence," and objections "to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration." *Id.* This is the case because "the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation" require that courts "take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." *Id.*

Here, an order compelling the PLO to produce Mr. Qurei would be both "unnecessary" and "unduly burdensome": unnecessary because Mr. Qurei has made it clear that he will not appear, Tr. at 14:14-19, and unduly burdensome because the PLO does not control Mr. Qurei and will therefore only serve as a predicate for discovery sanctions. This is precisely the type of improper discovery gambit that Defendants have previously warned the Court that Plaintiff is attempting to pursue though his discovery requests in this matter. *See* Amended Joint Proposed Schedule (Dkt. # 325) at 21. If Mr. Qurei were located in the United States, this issue could be resolved by compelling him to appear pursuant to subpoena. Because, however, he is located overseas where he may or may not be subject to international discovery process, the Court should respect the "special problem confronted by" the PLO "on account of its nationality [and] the location of its operations," and enter the requested protective order. 482 U.S. at 546.

The Supreme Court confronted an analogous situation in *Societe International Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958). There the Court considered whether "the District Court erred in dismissing, with prejudice, a complaint in a civil action" brought by a foreign corporation because it had "failed to comply fully with a

pretrial production order" when it declined to produce certain documents because doing so would violate Swiss law and an order prohibiting their production issued by the Swiss Federal Attorney. *Id.* at 198, 200. The Supreme Court reversed the district court's order dismissing the case because the foreign corporation had made "extensive efforts at compliance" and its "failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control." *Id.* at 211. The Court concluded that "Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." *Id.* at 212. Similarly here, Defendants requested Protective Order should be entered because the PLO has made an extensive effort at compliance by causing its Secretary General to direct Mr. Qurei to appear for deposition, Tr. at 14:14-19, and his failure to appear is clearly due to the PLO "inability" to produce him rather than "willfulness, bad faith, or any fault of" the PLO.

The Fifth Circuit has reached a similar conclusion in a case where a party lacked the practical ability to produce one of its nominal "officers." In *Bon Air Hotel, Inc. v Time, Inc.*, 376 F.2d 118, 119 (5th Cir. 1967), the Fifth Circuit considered whether the court properly dismissed a complaint "because of the failure of the plaintiff to comply with an order of that Court to produce a certain party as a witness for the purpose of giving his deposition as an officer of the plaintiff (a bankrupt) corporation." The plaintiff argued "that the court below exceeded its discretion because (1) there was no bad faith, willful disobedience, or intended negligence in failing to produce the witness, and (2) the appellant was in bankruptcy and the real party at interest, the trustee, had no control over [the witness] and knew nothing about the whereabouts of [the witness], despite diligent and expensive efforts to locate him." *Id.* at 120.

The Fifth Circuit reversed the order of dismissal holding that the "record compels the conclusion that petitioner's failure to comply was due to inability brought about neither by its own conduct nor by circumstances within its control" because the "plaintiff was in bankruptcy and the real party at interest, the trustee, did not control" the deponent. *Id.* at 121. After noting that "[o]ne might wonder what more could be done," *id.*, the court concluded that "although Rule 37(b) applies to all failures to comply, whether willful or not, the presence or lack of good faith in the parties is relevant to the orders which should given the severity of the sanctions." *Id.* at 122 (citing *Societe International*, 357 U.S. at 207). This Court should therefore not issue an order compelling Defendant PLO to produce Ahmed Qurei for deposition when it knows that the PLO, due to circumstances beyond its control, simply cannot comply with such an order. *Id.* *See also Independent Productions Corp. v Loew's, Inc.*, 30 F.R.D. 377, 380-82 (S.D.N.Y. 1962) (denying motion to dismiss where plaintiff's alleged managing agent refused to answer questions at deposition after plaintiff specifically requested that he do so and offered stipulations in lieu of testimony). Accordingly, Defendants' Motion for Protective Order should be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei should be granted. A proposed order is submitted herewith.

Dated:  October 21, 2009             Respectfully submitted,


                                     By:  /s/ Gary A. Woodfield
                                     Gary A. Woodfield (Fla. Bar No. 563102)
                                     gwoodfield@eapdlaw.com
                                     **Edwards Angell Palmer & Dodge LLP**
                                     One North Clematis Street
                                     Suite 400
                                     West Palm Beach, FL 33401
                                     Telephone: (561) 833-7700
                                     Facsimile: (561) 655-8719

                                     Richard A. Hibey
                                     rhibey@milchev.com
                                     Mark J. Rochon
                                     mrochon@milchev.com
                                     Charles F. B. McAleer, Jr.
                                     cmcaleer@milchev.com
                                     Timothy P. O'Toole
                                     totoole@milchev.com
                                     **Miller & Chevalier Chartered**
                                     655 Fifteenth Street, N.W., Suite 900
                                     Washington, DC  20005-5701
                                     Telephone:  (202) 626-5800
                                     Facsimile:  (202) 626-5801
                                     **Attorneys for Defendants PA/PLO**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 21st day of October, 2009, a true and correct copy of the foregoing "Memorandum in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei" was served by ECF, with a copy automatically being provided to the following:

> Robert J. Tolchin
> THE BERKMAN LAW OFFICE, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, NY 11201
> Telephone:     (718) 855-3627
> Facsimile:     (718) 855-4696
> Email:         rtolchin@berkmanlaw.com
>
> Isaac M. Jaroslawicz
> JAROSLAWICZ LAW OFFICES
> 1177 Kane Concourse, #222
> Bay Harbor Islands, FL 33154
> Telephone:     (305) 398-7739
> Facsimile:     (786) 206-3575
> Email:         Isaac@MyLawyerIsaac.com
>
> **Attorneys for Plaintiff Moshe Saperstein**

            /s/ Gary A. Woodfield
            Gary A. Woodfield