**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN**

_____
                             )
MOSHE SAPERSTEIN, *et al.*,    )
                             )
          Plaintiffs,     )
                             )
      v.                   )
                             )
THE PALESTINIAN AUTHORITY, *et al.*, )
                             )
         Defendants.    )
                             )
_____)

**<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM</u>**

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by and through counsel, and pursuant to the Court's Scheduling Order (DE 330), respectfully submit the following proposed Jury Instructions and Verdict Form. Defendants are aware that the Scheduling Order requires the parties to file "**<u>Joint</u>** Proposed Jury Instructions and Verdict Form" DE 330 at 2 (emphasis original), and Defendants have been attempting since May 21 to get Plaintiff to agree to a schedule to exchange information for the July 13 filings, including draft instructions and verdict forms and objections to such instructions and forms. *See* Exhibit A at 7-8. Plaintiff, however, has steadfastly refused to agree to such a schedule. *Id.* at 5-7.

On July 6, Defendants provided Plaintiff with drafts of Defendants' proposed jury instructions and verdict form. *Id.* at 3-4. On July 12, Defendants provided Plaintiff with slightly revised versions of their jury instructions and verdict form in both clean and red-lined form. *Id.* at 1. Plaintiff, however, did not provide Defendants with any proposed jury instructions or

verdict form (or any response to Defendants' proposed instructions and form) until 5:29 pm on July 13, which is the day the joint instructions and form were required to be filed with the Court. Exhibit B hereto.  Defendants immediately requested that Plaintiff confirm that this was his first transmission of the proposed jury instructions and verdict form.  *Id.*  Plaintiff did not respond to that e-mail, but instead unilaterally filed his jury instructions and verdict form at 6:09 PM (DE 513) without any further communication with Defendants.  Defendants are therefore constrained by Plaintiff's refusal to cooperate in the preparation of a joint set of instructions or form, and his unilateral filing, to separately submit their own proposed jury instructions and verdict form.

Accordingly, Defendants respectfully request that the Court order that, as a result of Plaintiff's failure to cooperate in the preparation of the "**Joint** Proposed Jury Instructions and Verdict Form" required by the Scheduling Order, Plaintiff has waived any right to have his proposed jury instructions or verdict form utilized at trial, and waived any right to object to Defendants' proposed jury instructions and verdict form.

Alternatively, if the Court is inclined to consider Plaintiff's proposed instructions and verdict form notwithstanding Plaintiff's failure to cooperate in the preparation of a joint filing, Defendants respectfully request that, because they did not had a reasonable opportunity to review and consider Plaintiff's instructions and verdict form before the deadline, that Defendants retain the right to lodge any and all objections to Plaintiff's proposed jury instructions and verdict form in the future at a time, and in the manner, to be determined by the Court.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court utilize Defendants' proposed jury instructions and verdict form, decline to utilize Plaintiff's proposed jury instructions or verdict form, and award any further relief as seems just to the Court.

1075743.2

Dated:  July 13, 2010                    Respectfully submitted,


By:   /s/ Gary A. Woodfield
Gary A. Woodfield (Fla. Bar No. 563102)
gwoodfield@HSPLAW.com
**Haile, Shaw & Pfaffenberger, P.A.**
660 U.S. Highway One
Third Floor
North Palm Beach, FL  33408
Telephone:  (561) 627-8100
Facsimile:  (561) 622-7603


Richard A. Hibey
rhibey@milchev.com
Mark J. Rochon
mrochon@milchev.com
Charles F. B. McAleer, Jr.
cmcaleer@milchev.com
Brian A. Hill
bhill@milchev.com
Timothy P. O'Toole
totoole@milchev.com
Lamia Matta
lmatta@milchev.com
**Miller & Chevalier Chartered**
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Telephone:  (202) 626-5800
Facsimile:  (202) 626-5801


**Attorneys for Defendants PA/PLO**

1075743.2

Jury Instruction No. 1

Introduction

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will hear counsels' closing arguments.  Once counsel have completed their arguments, I will instruct you to go to the jury room and begin your discussions -- what we call your deliberations.[1]

Adopted        ____

Denied         ____

Modified       ____

---

[1] *Barnes v. Carnival Corp.*, S.D. Fla. Case No. 06-20784-CIV-SEITZ / O'SULLIVAN, DE 244 at 1.

1075743.2

Jury Instruction No. 2

<u>Consideration of the Evidence</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.[2]

Adopted        ____

Denied         ____

Modified       ____

_____

[2] Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, at 5.

1075743.2

Jury Instruction No. 3

Witness Credibility

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be right and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor -- that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its

1075743.2

consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[3]

        Adopted       ____

        Denied        ____

        Modified      ____

---

[3] 4-76 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-1.

1075743.2

Jury Instruction No. 4

<u>Bias</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.[4]

Adopted     ____

Denied     ____

Modified     ____

---

[4] 4-76 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-2.

1075743.2

Jury Instruction No. 5

<u>Interest in Outcome</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.[5]

Adopted         ____

Denied          ____

Modified        ____

---

[5] 4-76 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-3.

1075743.2

Jury Instruction No. 6

<u>Expert Witnesses</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.[6]

Adopted          ____

Denied           ____

Modified         ____

---

[6] 3 Federal Jury Practice & Instructions §104.40 (5th ed.).

1075743.2

Jury Instruction No. 7

<u>Improper Considerations</u>

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendants to influence you in any way.  Thus, you must not let the fact that the Defendants have been accused by the Plaintiff of materially supporting a terrorist attack in which the Plaintiff was injured influence you in any way.

The parties in this case are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[7]

Adopted           ____

Denied            ____

Modified          ____

_____

[7] 4-71 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-9 (modified).

1075743.2

Jury Instruction No. 8

<u>Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.[8]

Adopted          ____

Denied          ____

Modified          ____

---

[8] 4-71 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-10.

1075743.2

Jury Instruction No. 9

<u>Burden of Proof</u>

In this case, MOSHE SAPERSTEIN must prove every element of his Anti-Terrorism Act

claim by "clear and convincing evidence."[9]

Adopted          ____

Denied           ____

Modified         ____

---

[9] *Addington v. Texas*, 441 U.S. 418, 424 (1979) ("One typical use of the [clear and convincing] standard is in civil cases involving allegations of fraud or some other *quasi-criminal wrongdoing by the defendant*. The interests at stake in those cases are deemed to be more substantial than mere loss of money and some jurisdictions accordingly reduce the risk to the defendant of having his reputation tarnished erroneously by increasing the plaintiff's burden of proof.") (emphasis added).

Jury Instruction No. 10

<u>Clear & Convincing Evidence</u>

What does "clear and convincing evidence" mean?  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.  On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable.  It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by clear and convincing evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.[10]

Adopted ____

Denied ____

Modified ____

---

[10] 4-73 Modern Federal Jury Instructions-Civil P 73.01, Instruction 73-3.

1075743.2

Jury Instruction No. 11

<u>ATA</u>

We turn now to the Anti-Terrorism Act, or "ATA," claim of MOSHE SAPERSTEIN against the PA and PLO.  Under the ATA, "[a]ny national of the United States injured in his . . . person . . . by reason of an act of international terrorism . . . may sue therefor in any appropriate district court of the United States . . . ."[11]

Accordingly, the elements that MOSHE SAPERSTEIN must prove by clear and convincing evidence are that on February 18, 2002:

- MOSHE SAPERSTEIN was a "national of the United States,"

- MOSHE SAPERSTEIN was "injured in his . . . person,"

- The PA or PLO committed "an act of international terrorism,"

- The PA's or PLO's act of international terrorism was the cause-in-fact of MOSHE SAPERSTEIN's injury, and

- The PA's or PLO's act of international terrorism proximately caused MOSHE SAPERSTEIN's injury.

If the Plaintiff does not prove each of these elements by clear and convincing evidence, then your verdict should be for the PA and PLO.

Adopted          ____

Denied           ____

Modified         ____

---

[11] 18 U.S.C. § 2333(a).

1075743.2

Jury Instruction No. 12

<u>ATA -- U.S. National</u>

For purposes of this case, the term "national of the United States" means a citizen of the

United States.[12]

Adopted ___

Denied ___

Modified ___

---

[12] 18 U.S.C. § 2331(2); 8 U.S.C. § 1101(a)(22).

16

Jury Instruction No. 13

<u>ATA -- International Terrorism</u>

Under the ATA, the term "international terrorism" means activities that --

(A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; and

(B) appear to be intended --

    (i) to intimidate or coerce a civilian population;

    (ii) to influence the policy of a government by intimidation; or

    (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and

(C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they were accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.[13]

    Adopted    ____

    Denied    ____

    Modified    ____

---

[13] 18 U.S.C. 2331(1).

1075743.2

Jury Instruction No. 14

<u>ATA -- Criminal Violation</u>

Under the ATA, then, a necessary predicate to any finding that the PA or PLO engaged in "international terrorism" is a finding that the PA or PLO violated a federal criminal statute involving violence.  Plaintiff alleges here that the PA and PLO violated 18 U.S.C. § 2339A by providing material support to aid in the attempted killing of a U.S. national outside of the United States.

Section 2339A prohibits "supply[ing] material support or resources," "knowing or intending that they are to be used in preparation for, or in carrying out a violation of" other specified provisions of the U.S. criminal code, including 18 U.S.C. § 2332(b), which prohibits the attempted killing of a U.S. national outside the United States.[14]  If the Plaintiff does not prove this element by clear and convincing evidence, then your verdict should be for the PA and PLO.

Adopted ____

Denied ____

Modified ____

---

[14] *Estate of Mark Parsons v. Palestinian Auth.*, No. 07-1847 (JR), 2010 U.S. Dist. LEXIS 53295, *4 (D.D.C. May 29, 2010); *see also* 18 U.S.C. § 2339A; 18 U.S.C. § 2332(b).

1075743.2

Jury Instruction No. 15

<u>ATA -- Providing Material Support</u>

To determine whether the PA or PLO provided material support for a terrorist act under § 2339A, you must first determine (1) what organization or individual carried out the attack, and (2) whether the PA or PLO provided material support to that entity or individual.

Central to the material support predicate, then, is the requirement that the Plaintiff prove who committed the attack and that the PA or PLO supplied material support to the attacker.[15]

Adopted ____

Denied ____

Modified ____

---

[15] *Estate of Mark Parsons v. Palestinian Auth.*, No. 07-1847 (JR),, 2010 U.S. Dist. LEXIS 53295, *4-5 (D.D.C. May 29, 2010).

1075743.2

Jury Instruction No. 16

<u>ATA -- Organizational Responsibility</u>

In order to hold an organization responsible for the attack on Plaintiff, Plaintiff must prove by clear and convincing evidence that (1) the individual or individuals that attacked him were members of the organization and that (2) the organization gave the individual or individuals actual or apparent authority to commit acts of violence like the one that injured Plaintiff or that (3) the organization had specific knowledge of the attack on Plaintiff and authorized or ratified that particular attack.[16]

Adopted          ____

Denied           ____

Modified         ____

---

[16] *E.g., NAACP v. Claiborne Hardware, Co.*, 458 U.S. 886, 930 (1982) ("The NAACP -- like any other organization -- of course may be held responsible for the acts of its agents throughout the country that are undertaken within the scope of their actual or apparent authority.  Moreover, the NAACP may be found liable for other conduct of which it had knowledge and specifically ratified.) (internal citation omitted); *see also id.* ("The chancellor made no finding that Charles Evers or any other NAACP member had either actual or apparent authority to commit acts of violence or to threaten violent conduct. . . ."); *id.* at 930-31 (Similarly, there is no evidence that the NAACP ratified -- or even had specific knowledge of -- any of the acts of violence or threats of discipline associated with the boycott.).

1075743.2

Jury Instruction No. 17

<u>ATA -- Material Support</u>

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.[17]

Adopted          ____

Denied           ____

Modified         ____

---

[17] 18 U.S.C. § 2339A(b)(1).

1075743.2

Jury Instruction No. 18

ATA -- Knowing or Intending

If you find that the PA or PLO provided material support or resources to the organization or individual that carried out the attack on Plaintiff, you must then determine whether the PA or PLO provided this support or resources "knowing or intending" that it would be used in preparation for, or to carry out the attempted killing of a U.S. national outside the United States.

In this regard, Plaintiff must prove by clear and convincing evidence that the PA or PLO knew it was providing support or resources significantly likely to help an organization or individual carry out the attempted killing of a U.S. national outside the United States or, alternatively, that the PA or PLO intended its support or resources to be so used.[18]

Adopted      ____

Denied      ____

---

[18] *See Holder v. Humanitarian Law Project*, No. 08-1498, 2010 U.S. LEXIS 5252, *30 (June 21, 2010) (explaining that a violation of § 2339A requires "an intent to further terrorist activity"); *see also id.* at *32, n.3 (describing the mental-state requirement laid out in Justice Breyer's dissenting opinion as "indistinguishable from the one Congress adopted in []§ 2339A"); *id.* at *95-96, *96-97, *100 (Breyer, J., dissenting) ("Under this reading, the Government would have to show, at a minimum, that such defendants provided support that they knew was significantly likely to help the organization pursue its unlawful terrorist aims. . . . [K]nowledge or intent that this assistance (aimed at lawful activities) could or would help further terrorism simply by helping to legitimate the organization is not sufficient. . . . [T]he Government would have to prove that the defendant knew he was providing support significantly likely to help the organization pursue its unlawful terrorist aims (or, alternatively, that the defendant intended the support to be so used)."). *See also United States v. Sattar*, 395 F. Supp. 2d 79, 101 (S.D.N.Y. 2005) (finding the defendant "acted with the requisite 'high scienter'" necessary to support conviction under § 2339A); *United States v. Amawi*, 545 F. Supp. 2d 681, 684 n.2, 685 (N.D. Ohio 2008) ("§ 2339B lacks the scienter requirement of § 2339A -- namely that the prohibited conduct be knowing or intentionally provided to further the commission of one or more of the enumerated criminal acts. . . .[§ 2339A] requires a high level of specific intent for a violation . . . ."); *United States v. Taleb-Jedi*, 566 F. Supp. 2d 157, 179 (E.D.N.Y. 2008) ("[T]he statutory language of § 2339A includes an explicit specific intent requirement to further illegal activities, [whereas this] requirement is clearly missing from the language of § 2339B."); *United States v. Paracha*, No. 03 Cr. 1197 (SHS), 2006 U.S. Dist. LEXIS 1, *87-88 (S.D.N.Y. Jan. 3, 2006) ("At the time section 2339B was enacted, section 2339A already prohibited the act of providing material support or resources to further illegal terrorist activities. . . . Section 2339B -- enacted two years after section 2339A -- plainly excludes the explicit *mens rea* requirement to further illegal activities.").

1075743.2

Modified        ___

1075743.2

Jury Instruction No. 19

<u>Organizational Knowledge and Intent</u>

In order to establish that the PA or PLO knew or intended that its material support or resources would be used in preparation for, or to carry out the attempted killing of a U.S. national outside the United States, Plaintiff must prove by clear and convincing evidence (1) that a specific person or persons provided the material support or resources; (2) that this person or these persons knew or intended that this support or resources would be used in preparation for, or to carry out the attempted killing of a U.S. national outside the United States; (3) that the PA or PLO authorized this person or these persons to provide material support or resources on its behalf; and (4) that this person or these persons were acting to further the objectives of the PA or PLO in providing the material support or resources.[19]

Adopted     ____

Denied     ____

Modified     ____

---

[19] *See, e.g., Gutter v. E.I. DuPont de Nemours*, 124 F. Supp. 2d 1291, 1312 (S.D. Fla. 2000) ("In the case of a corporation, the knowledge and intent of an agent who commits the fraud may be imputed to the principal corporation if the agent is acting within the scope of his or her employment and in furtherance of the corporation, and the corporation authorized or acquiesced in the action."); *see also Commonwealth v. Life Care Ctrs. of Am., Inc.*, 456 Mass. 826, 833-34 (Mass. 2010) ("[A] corporation acts with a given mental state in a criminal context only if at least one employee who acts (or fails to act) possesses the requisite mental state at the time of the act (or failure to act). In the present case, the Commonwealth seeks to satisfy its burden to prove wanton or reckless conduct on the part of the corporate defendant by adding together the actions and omissions of corporate employees who at worst have been merely negligent. Such aggregation is not supported by logic or law."); *id.*, at 835 ("[T]he majority of Federal courts to consider the issue have reached the conclusion that, in both the criminal and civil contexts, a corporation acts with a given mental state only if at least one employee who acts (or fails to act) possesses the requisite mental state at the time of the act (or failure to act)) (citing *First Equity Corp. of Fla. v. Standard & Poor's Corp.*, 690 F. Supp. 256, 259-60 (S.D.N.Y. 1988); *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004); *Saba v. Compagnie Nationale Air France*, 78 F.3d 664, 670 n.6 (D.C. Cir. 1996); *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1435 (9th Cir. 1995); *United States v. LBS Bank-N.Y., Inc.*, 757 F. Supp. 496, 501 n.7 (E.D. Pa. 1990)).

1075743.2

Jury Instruction No. 20

<u>ATA -- Intimidation or Influence</u>

If you find that the PA or PLO provided material support or resources to an individual or organization knowing or intending that this support would be used in preparation for, or to carry out an attempt to kill a U.S. national outside the United States, then you must also determine whether the PA or PLO provided this material support or resources with the intention of (1) intimidating or coercing a civilian population; (2) influencing the policy of a government by intimidation; or (3) affecting the conduct of a government by mass destruction, assassination or kidnapping.[20]  If the Plaintiff does not prove this element by clear and convincing evidence, then your verdict should be for the PA and PLO.

Adopted          ____

Denied            ____

Modified          ____

---

[20] 18 U.S.C. 2331(1)(B).

1075743.2

Jury Instruction No. 21

<u>ATA -- Cause-in-Fact</u>

As institutional entities, the PA and PLO may act only through their agents.  The agents of the PA and PLO are its officials, employees and certain others who are authorized by the PA or PLO to act for them.  As I previously told you, for the PA or PLO to be held responsible for the acts of a person, he or she must be authorized by the PA or PLO to do the acts and he or she must be acting to further the objectives of the PA or PLO.[21]

If you find that Plaintiff has established the first three elements of his Anti-Terrorism Act claim, as defined in these instructions, by clear and convincing evidence, then you must determine whether Plaintiff has proven by clear and convincing evidence that, except for the acts committed by the person or persons authorized by the PA or PLO to act, the injury and damages claimed by the Plaintiff would not have occurred.[22]  In other words, Plaintiff must prove by clear and convincing evidence that the PA's or PLO's act of providing material support or resources was a "cause-in-fact" of his injury.  If the Plaintiff does not prove this element by clear and convincing evidence, then your verdict should be for the PA and PLO.

Keep in mind that a cause need not always be the nearest cause either in time or in space.  In addition, in a case such as this, there may be more than one cause of an injury or damages.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Adopted       ____

---

[21] Jury Instruction No. 19; *see also* Federal Jury Practice and Instructions, Criminal, Agency § 18:05 Corporate criminal responsibility--Explained (2009) (modified).

[22] Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, at 342.

1075743.2

Denied          ____

Modified        ____

Jury Instruction No. 22

<u>ATA -- Proximate Cause</u>

You must also keep in mind that Plaintiff may recover only those damages arising from those actions that can be fairly attributed to the PA or PLO.  Plaintiff must therefore prove that the compensation he seeks relates to damages that naturally flow from the injuries proved.  In other words, there must be a sufficient causal connection between an action of the PA or PLO and any damage sustained by Plaintiff such that Plaintiff was harmed "by reason of" the PA's or PLO's actions.  This requirement is referred to as "proximate cause."[23]

If you find that Plaintiff has established the first three elements of his Anti-Terrorism Act claim and has also established that the PA or PLO was a "cause-in-fact" of his injury, as defined in these instructions, then you must determine whether Plaintiff has also established that the PA's or PLO's actions, through their agents, were a substantial factor in the sequence of reasonable causation, and that his injuries were reasonably foreseeable or anticipated as a natural consequence of these actions.[24]  In making this determination, you must consider whether the PA's or PLO's actions bore "a significant likelihood" of resulting in an attempt to kill a U.S.

---

[23] *Rothstein v. UBS AG*, 647 F. Supp. 2d 292, 295 (S.D.N.Y. 2009) (explaining that the "'by reason of' language . . . has typically been construed to be synonymous with 'proximate cause'"); Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, at 342 (construing "by reason of" language in Racketeer Influenced and Corrupt Organizations Act ("RICO") to be synonymous with "proximate result"); *see also Holmes v. Secs. Investor Prot. Corp.*, 503 U.S. 258, 265-68 (1992) (RICO civil suits); *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 531-36 (1983) (Clayton Act § 4); *Loeb v. Eastman Kodak Co.*, 183 F. 704, 709-10 (3d Cir. 1910) (Sherman Act § 7).

[24] *Ford v. Garcia*, 289 F.3d 1283, 1287 (11th Cir. 2002); *Holmes*, 503 U.S. at 265-68; *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 123 (2d Cir. 2003).

national outside the United States.[25]  If the Plaintiff does not prove this element by clear and convincing evidence, then your verdict should be for the PA and PLO.

Keep in mind that the Defendants in this case constitute the government of the Palestinian people and, therefore, had a duty to support legitimate Palestinian social and political objectives through financial and other material support.  You must consider this duty when determining whether the PA or PLO acted with the requisite degree of culpability and whether a direct causal link exists between the PA's or PLO's actions and the Plaintiff's harm.  Plaintiff must demonstrate both culpability and causation in order to establish the liability of PA or PLO on the merits.[26]

Adopted        ____

Denied         ____

Modified       ____

---

[25] *Cf. Holder v. Humanitarian Law Project*, No. 08-1498, 2010 U.S. LEXIS 5252, at *99 (June 21, 2010) (Breyer, J., dissenting) (explaining that, in order to be held liable, an ATA defendant must know "that the consequences of his acts had a significant likelihood of furthering [terrorism]") (Breyer, J., dissenting); *see also id.* at *32, n.3 (explaining the dissent's mental-state formulation is "indistinguishable from the one Congress adopted in []§ 2339A").

[26] *Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658, 694 (1978); *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997).

1075743.2

Jury Instruction No. 23

<u>ATA -- Defense Theory of the Case</u>

It is the PA's and PLO's defense that the PA and PLO did not knowingly or intentionally provide any support to intimidate or coerce a civilian population, or to influence or affect the policy of a government, or in preparation for or in carrying out an attempt to kill a national of the United States.  The PA and PLO further contend that there was not a significant likelihood that any support or resources they provided would proximately cause an attempt to kill a national of the United States.

Keep in mind that the Defendants in this case constitute the government of the Palestinian people and, therefore, had a duty to support legitimate Palestinian social and political objectives through financial and other material support.

If PA or PLO resources came into the possession of an individual or organization involved in carrying out the attack on MOSHE SAPERSTEIN, but Plaintiff has not met his burden of proving by clear and convincing evidence the PA's or PLO's intent that that occur and thereby cause MOSHE SAPERSTEIN's injuries, your verdict should be for the PA and PLO.[27]

Adopted          ___

Denied           ___

Modified         ___

---

[27] Adapted from Jury Instructions in *United States v. Hassoun*, S.D. Fla. Case No. 04-60001-CR-COOKE / BROWN, DE 1189 at 38; *see also* case law cited *supra* note 19.

1075743.2

Jury Instruction No. 24

<u>ATA -- Act of War</u>

Lastly, if you find that MOSHE SAPERSTEIN has proven all the elements of a claim under the ATA, you must then consider whether his injury falls within the "act of war" exception to the Anti-Terrorism Act.  Under that exception, "[n]o action shall be maintained . . . for injury or loss by reason of an act of war."[28]  "The term 'act of war' means any act occurring in the course of . . . armed conflict between military forces of any origin."[29]

Accordingly, if you find that MOSHE SAPERSTEIN'S injury was caused "by reason of" "any act occurring in the course of . . . armed conflict between military forces of any origin," then you must find for the PA and PLO.

Adopted          ____

Denied           ____

Modified         ____

---

[28] 18 U.S.C. § 2336(a).

[29] 18 U.S.C. § 2331(4).

Jury Instruction No. 25

Compensatory Damages

If the evidence proves that PA or PLO was a legal cause of damage to Plaintiff, you should award Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by the evidence as full, just and reasonable compensation for all of Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible.  Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by the evidence, and no others:

(a)     Medical and hospital expenses, past and future;

(b)     Mental or physical pain and anguish, past and future;

(c)     Net lost wages and benefits to the date of trial; and

1075743.2

      (d)     Net lost wages and benefits in the future reduced to present value.[30]

Adopted      ____

Denied      ____

Modified      ____

---

[30] Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, at 454-56.

1075743.2

Jury Instruction No. 26

Treble Damages

Your role is to find whether Plaintiff is entitled to any compensatory damages and, if so, in what amount.

In following my instruction on this subject, your calculation, if you choose to find damages in Plaintiff's favor, should not provide in that amount any punitive feeling you have in your verdict.  You are advised the law provides that the damage amount, if any, that might be awarded in your verdict will be tripled by operation of law.  I will perform this tripling after you return your verdict by multiplying by a factor of three the total amount of damages, if any, that you award.[31]

Adopted          ____

Denied            ____

Modified          ____

---

[31] 18 USC § 2333(a).

1075743.2

Jury Instruction No. 27

<u>Duty to Deliberate</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.     Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[32]

Adopted        ____

Denied         ____

Modified       ____

---

[32] Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, at 18; *Barnes v. Carnival Corp.*, S.D. Fla. Case No. 06-20784-CIV-SEITZ / O'SULLIVAN, DE 244 at 18.

1075743.2

Jury Instruction No. 28

<u>Notes</u>

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.[33]

Adopted          ____

Denied           ____

Modified         ____

---

[33] *Barnes v. Carnival Corp.*, S.D. Fla. Case No. 06-20784-CIV-SEITZ / O'SULLIVAN, DE 244 at 17.

1075743.2

Jury Instruction No. 29

Election of Foreperson & Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[34]

Adopted          ____

Denied           ____

Modified         ____

---

[34] Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, at 20; *Barnes v. Carnival Corp.*, S.D. Fla. Case No. 06-20784-CIV-SEITZ / O'SULLIVAN, DE 244 at 19.

1075743.2

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN**

_____
                                           )

MOSHE SAPERSTEIN, *et al.*,       )
                                           )

               Plaintiffs,      )
                                           )

       v.                          )
                                           )

THE PALESTINIAN AUTHORITY, *et al.*,  )
                                           )

              Defendants.    )
_____)

## SPECIAL VERDICT

We the Jury, return the following unanimous verdict:

## Liability Pursuant to 18 U.S.C. § 2333

1.    Has Plaintiff proven by clear and convincing evidence that he was a national of the United States on February 18, 2002?

               YES _____          NO _____

If your answer to Question 1 is YES, answer Question 2.  If your answer to Question 1 is NO, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

2.    Has Plaintiff proven by clear and convincing evidence that he was injured in his person on February 18, 2002?

               YES _____          NO _____

1075743.2

If your answer to Question 2 is YES, answer Question 3.  If your answer to Question 2 is NO, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

3.      Has Plaintiff proven by clear and convincing evidence the identity of the individual or individuals that carried out the attack that injured him on February 18, 2002?

                        YES _____                 NO _____

If your answer to Question 3 is YES, answer Question 4.  If your answer to Question 3 is NO, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

4.      List the name(s) of the person(s) Plaintiff proved by clear and convincing evidence to have carried out the attack that injured him:

_____

_____

_____

Go to Question 5.

5.      Has Plaintiff proven by clear and convincing evidence that (1) the person(s) who injured him acted on behalf of an organization of some kind when carrying out the attack that caused his injury and (2) had that organization's authorization to carry out attacks of this kind or (3) the organization specifically authorized or ratified this particular attack such that (4) the organization is directly responsible for the attack?

1075743.2

YES _____          NO _____

If yes, list the name(s) of the organization(s) directly responsible for carrying out the

attack that injured Plaintiff:

_____

_____

_____

Go to Question 6.


6.     Check any that applies:

(A)     Has Plaintiff proven by clear and convincing evidence that the PA provided

material support or resources directly to the person(s) listed in Question 4 on or

before February 18, 2002?

YES _____          NO _____

If yes, (1) what specific material support or resources did Plaintiff prove by clear

and convincing evidence that the person(s) listed in Question 4 received from the

PA and (2) how was that material support or resources delivered?

_____

_____

_____

(B)     Has Plaintiff proven by clear and convincing evidence that the PLO provided

material support or resources directly to the person(s) listed in Question 4 on or

before February 18, 2002?

YES _____          NO _____

1075743.2

If yes, (1) what specific material support or resources did Plaintiff prove by clear and convincing evidence that the person(s) listed in Question 4 received from the PLO and (2) how was that material support or resources delivered?

_____

_____

_____

(C)    Has Plaintiff proven by clear and convincing evidence that the PA provided material support or resources directly to the organization(s) listed in Question 5 on or before February 18, 2002?

YES _____          NO _____

If yes, (1) what specific material support or resources did Plaintiff prove by clear and convincing evidence that the organization(s) listed in Question 5 received from the PA and (2) how was that material support or resources delivered?

_____

_____

_____

(D)    Has Plaintiff proven by clear and convincing evidence that the PLO provided material support or resources directly to the organization(s) listed in Question 5 on or before February 18, 2002?

YES _____          NO _____

If yes, (1) what specific material support or resources did Plaintiff prove by clear and convincing evidence that the organization(s) listed in Question 5 received from the PLO and (2) how was that material support or resources delivered?

1075743.2

_____

_____

_____

If your answer to any part of Question 6 is YES, answer Question 7.  If you did not answer YES to any part of Question 6, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

7.      Check any that applies:

(A)     Has Plaintiff proven by clear and convincing evidence that the PA knew it was significantly likely or  intended that the material support or resources identified in Question 6 (A) and / or (C) would be used in preparation for, or to carry out the attempted killing of a  U.S. national outside the United States?

                    YES _____             NO _____

If yes, what is / are the name(s) of the person(s) that Plaintiff proved by clear and convincing evidence (1) to be authorized by the PA to provide the material support or resources identified in Question 6 (A) and / or (C) on its behalf and (2) who provided that support or resources to further the objectives of the PA (3) with the requisite knowledge or intent that it would be used in preparation for, or to carry out the attempted killing of a U.S. national outside the United States?

_____

_____

_____

5

(B)    Has Plaintiff proven by clear and convincing evidence that the PLO knew it was

significantly likely or intended that the material support or resources identified in

Question 6 (B) and / or (D) would be used in preparation for, or to carry out the

attempted killing of a U.S. national outside the United States?

YES _____                    NO _____

If yes, what is / are the name(s) of the person(s) that Plaintiff proved by clear and

convincing evidence (1) to be authorized by the PLO to provide the material

support or resources identified in Question 6 (B) and / or (D) on its behalf and (2)

who provided that support or resources to further the objectives of the PLO (3)

with the requisite knowledge or intent that it would be used in preparation for, or

to carry out the attempted killing of a U.S. national outside the United States?

_____

_____

_____

If your answer to any part of Question 7 is YES, answer Question 8.  If you did not answer YES

to any part of Question 7, go to the end of this form and have the foreperson sign and date the

verdict form and notify the Court that you have reached a verdict.

8.      Check any that applies:

(A)    Has Plaintiff proven by clear and convincing evidence that, by providing the

material support or resources identified in Question 6 (A) and / or (C), the PA

intended to intimidate or coerce a civilian population, to influence the policy of a

government by intimidation, or to affect the conduct of a government by mass destruction, assassination, or kidnapping?

YES _____          NO _____

If yes, what is / are the name(s) of the person(s) that Plaintiff proved by clear and convincing evidence (1) to be authorized by the PA to provide the material support or resources identified in Question 6 (A) and / or (C) on its behalf and (2) who provided that support or resources to further the objectives of the PA (3) with the requisite intent to intimidate or coerce a civilian population, to influence the policy of a government by intimidation, or to affect the conduct of a government by mass destruction, assassination, or kidnapping?

_____

_____

_____

If yes, list all civilian populations the PA intended to intimidate or coerce and / or all governments the PA intended to influence or affect by providing the specific support or resources identified in Question 6 (A) and / or (C):

_____

_____

_____

(B)     Has Plaintiff proven by clear and convincing evidence that, by providing the material support or resources identified in Question 6 (B) and / or (D), the PLO intended to intimidate or coerce a civilian population, to influence the policy of a

7

1075743.2

government by intimidation, or to affect the conduct of a government by mass

destruction, assassination, or kidnapping?

YES _____                NO _____

If yes, what is / are the name(s) of the person(s) that Plaintiff proved by clear and

convincing evidence (1) to be authorized by the PLO to provide the material

support or resources identified in Question 6 (B) and / or (D) on its behalf and (2)

who provided that support or resources to further the objectives of the PLO (3)

with the requisite intent to intimidate or coerce a civilian population, to influence

the policy of a government by intimidation, or to affect the conduct of a

government by mass destruction, assassination, or kidnapping?

_____

_____

_____

If yes, list all civilian populations the PLO intended to intimidate or coerce and /

or all governments the PLO intended to influence or affect by providing the

specific support or resources identified in Question 6 (B) and / or (D):

_____

_____

_____

If your answer to any part of Question 8 is YES, answer Question 9.  If you did not answer YES

to any part of Question 8, go to the end of this form and have the foreperson sign and date the

verdict form and notify the Court that you have reached a verdict.

1075743.2

9.      Check any that applies:

(A)     Has Plaintiff proven by clear and convincing evidence that the PA's act of providing the material support or resources identified in Question 6 (A) and / or (C) occurred primarily outside the territorial jurisdiction of the United States, or transcended national boundaries in terms of the means by which it was accomplished or in terms of the persons the PA intended to intimidate or coerce?

YES _____          NO _____

(B)     Has Plaintiff proven by clear and convincing evidence that the PLO's act of providing the material support or resources identified in Question 6 (B) and / or (D) occurred primarily outside the territorial jurisdiction of the United States, or transcended national boundaries in terms of the means by which it was accomplished or in terms of the persons the PLO intended to intimidate or coerce?

YES _____          NO _____

If your answer to any part of Question 9 is YES, answer Question 10.  If you did not answer YES to any part of Question 9, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.


10.     Check any that applies:

(A)     Has Plaintiff proven by clear and convincing evidence that, except for the PA's act of providing the material support or resources identified in Question 6 (A) and / or (C), his injury would not have occurred such that the PA's act was a "cause-in-fact" of his injury?

1075743.2

         YES _____           NO _____

(B)    Has Plaintiff proven by clear and convincing evidence that, except for the PLO's act of providing the material support or resources identified in Question 6 (B) and / or (D), his injury would not have occurred such that the PLO's act was a "cause-in-fact" of his injury?

         YES _____           NO _____

If your answer to any part of Question 10 is YES, answer Question 11.  If you did not answer YES to any part of Question 10, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

11.    Check any that applies:

(A)    Has Plaintiff proven by clear and convincing evidence that the PA's act of providing the material support or resources identified in Question 6 (A) and / or (C) was a substantial factor in the sequence of causation of Plaintiff's injury, and that his injury was reasonably foreseeable or anticipated as a natural consequence of that act such that the PA's act was a "proximate cause" of Plaintiff's injury?

         YES _____           NO _____

(B)    Has Plaintiff proven by clear and convincing evidence that the PLO's act of providing the material support or resources identified in Question 6 (B) and / or (D) was a substantial factor in the sequence of causation of Plaintiff's injury, and that his injury was reasonably foreseeable or anticipated as a natural consequence of that act such that the PLO's act was a "proximate cause" of Plaintiff's injury?

         YES _____           NO _____

1075743.2

If your answer to any part of Question 11 is YES, answer Question 12.  If you did not answer YES to any part of Question 11, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

12.     Was the attack that injured Plaintiff an act occurring in the course of an armed conflict between military forces of any origin?

                    YES _____                    NO _____

If your answer to Question 12 is NO, answer Question 13.  If your answer to Question 12 is YES, go to the end of this form and have the foreperson sign and date the verdict form and notify the Court that you have reached a verdict.

## **Damages**

13.     How much money, if any, did Plaintiff prove is necessary to compensate him for his medical and hospital expenses resulting from the attack that injured him?

_____

Go to Question 14.

14.     How much money, if any, did Plaintiff prove is necessary to compensate him for his mental or physical pain and anguish resulting from the attack that injured him?

_____

Go to Question 15.

15.     How much money, if any, did Plaintiff prove is necessary to compensate him for his net lost wages and benefits (to the date of trial) resulting from the attack that injured him?

1075743.2

_____

Go to Question 16.


16.     How much money, if any, did Plaintiff prove is necessary to compensate him for his net

lost wages and benefits in the future (reduced to present value) that will result from the attack

that injured him?

_____

Go to Question 17.


17.     What is the total of all amounts entered in response to Questions 13 through 16?

_____

Have the foreperson sign and date the verdict form and notify the Court that you have reached a

verdict.


         _____        _____

         Signature of Foreperson        Date

1075743.2

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that, on this 13th day of July, 2010, a true and correct copy of the

foregoing was served by ECF, with a copy automatically being provided to the following:

Robert J. Tolchin
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
Telephone:     (718) 855-3627
Facsimile:      (718) 855-4696
Email:            rtolchin@berkmanlaw.com

Isaac M. Jaroslawicz
JAROSLAWICZ LAW OFFICES
1177 Kane Concourse, #222
Bay Harbor Islands, FL 33154
Telephone:     (305) 398-7739
Facsimile:      (786) 206-3575
Email:            Isaac@MyLawyerIsaac.com

**Attorneys for Plaintiff Moshe Saperstein**


　　　/s/ Gary A. Woodfield
Gary A. Woodfield

1075743.2