UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN

MOSHE SAPERSTEIN,

    Plaintiff,

v.

THE PALESTINIAN AUTHORITY;
THE PALESTINE LIBERATION
ORGANIZATION,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Enforce the Court's April 13 and June 11, 2010 Order (DE# 499, 6/22/10) and the Plaintiff's Unopposed Motion for Expedited Disposition (DE# 520, 7/15/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Unopposed Motion for Expedited Disposition (DE# 520, 7/15/10) is **GRANTED**. It is further

ORDERED AND ADJUDGED that the Defendants' Motion to Enforce the Court's April 13 and June 11, 2010 Order (DE# 499, 6/22/10) is **GRANTED**. The defendants essentially seek a protective order from this Court preventing the plaintiff from taking the trial depositions of third parties British Broadcasting Corporation, Nizar Dahliz, Naim Mutzran, Fuad Shubaki, Alaa Ibrahim and Matityahu (Matthew) Kalman. Id. The basis for the defendants' motion is that the Court previously denied the plaintiff's request to extend the deadline for taking the depositions of third parties. See Order Denying

Motions to Extend Dates (DE# 425, 4/13/10); Order Striking Plaintiff's "Emergency" Motion for Leave to Take Deposition (DE# 488, 6/11/10). The plaintiff seeks to avoid the Court's prior Orders by arguing that the depositions of these third party witnesses are trial depositions and, as such, are not precluded by the Court's discovery deadlines. Plaintiff's Memorandum in Opposition to Defendants' Motion to Enforce the Court's April 13 and June 11, 2010 Orders (DE# 509 at 1, 7/9/10).

The plaintiff relies, inter alia, on Charles v. Wade, 665 F.2d 661 (5th Cir. 1982) and Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358 (11th Cir. 2002). Wade is distinguishable from the facts of the instant case. In Wade, the Fifth Circuit held that the district court erred when it precluded the appellant from taking the deposition of an individual who was incarcerated and more than 100 miles from the place of trial because the discovery period had closed. Id. at 664. The Fifth Circuit reasoned that "[a]lthough the discovery period had . . . closed at the time [the] appellant made his motion [to depose the incarcerated individual], the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial." Id. The appellate court noted that the "[a]pellant was not seeking to discover [the individual]'s testimony – [the] appellant knew what [the individual] had to say – but was seeking a means for introducing [the individual]'s testimony at trial." Id. Here, unlike Wade, the plaintiff has not talked to the third party deponents and does not know what their testimony will be. At the time the Letter of Request (DE# 393, 1/8/10) was issued by this Court, the plaintiff sought to take a discovery deposition. Now that the discovery deadline has passed and the Court has refused to extend the deadline, the plaintiff claims these depositions are really trial depositions. The Court finds that these "trial"

depositions are actually discovery depositions which are not permitted under the Court's prior Orders (DE# 425, 488) and which will exceed the ten deposition limit set forth in Rule 30 of the Federal Rules of Civil Procedure.

In <u>Chrysler</u>, the Eleventh Circuit found no abuse of discretion in the district court's denial of the plaintiff's request to take trial depositions where the plaintiff had been "warned that all depositions w[ould] be subject to the same timing restrictions and whe[re] the district court ha[d] also determined that the party seeking to take a deposition for use at trial ha[d] unduly delayed in the undertaking to obtain it." <u>Chrysler</u>, 280 F.3d at 1362. In the instant case, the Court advised the plaintiff that "[a]ll fact discovery must be completed no later than March 10, 2010." <u>See</u> Order Adopting Amended Joint Proposed Schedule with Modifications (DE# 330 at 2, 8/21/09) (emphasis omitted). Moreover, the Court warned the plaintiff at the August 19, 2009 scheduling conference that in the Court's experience, requests pursuant to the Hague Convention and letters rogatory could take a considerable amount of time. <u>See</u> Order Denying Motions to Extend Dates (DE# 425 at 2 n.4, 4/13/10). The plaintiff agreed with the Court's assessment. <u>Id.</u> The plaintiff now claims that because nine years ago Israeli authorities were able to arrange for depositions to take place approximately two and a half months after letters of request were issued, it was reasonable for the plaintiff to wait until December 29, 2009 to seek that this Court issue a Letter of Request to Israel pursuant to the Hague Convention. <u>See</u> Plaintiff's Memorandum in Opposition to Defendants' Motion to Enforce the Court's April 13 and June 11, 2010 Order (DE# 509 at 5, 7/9/10) (citing <u>Gilmore v. Palestinian Authority</u>, No. 01-0853GK (D. D.C.)). As the Court in <u>Chrysler</u> noted "parties who delay in taking a needed deposition and who

assume that a district court will draw (when the [Federal] Rules [of Civil Procedure] do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between the different kinds of depositions assume a risk: they cannot count on the trial court[ ] allowing a deposition to be taken closer to the trial date." <u>Chrysler,</u> 280 F.3d at 1362 n.8. The Court finds that the plaintiff had adequate warning about the Court's intent to hold the parties to the scheduling order. Accordingly, the plaintiff cannot complain when he has failed to comply with the deadlines stated therein.

The defendant's request should further be granted because these third party depositions will disrupt the Court's trial schedule. Five of the six depositions are scheduled to take place after the deadline to file the joint pretrial stipulation, proposed jury instructions and motions in limine. <u>See</u> Order Adopting Amended Joint Proposed Schedule with Modifications (DE# 330, 8/21/09).

In sum, the plaintiff cannot circumvent the Court's prior Orders by recharacterizing these third party depositions as trial depositions. The Court has made clear to the plaintiff that he may not take third party discovery now that the discovery deadline has long passed. For these reasons, the defendant's motion to enforce the Court's prior Orders is granted.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **20th** day of July, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record